845 So.2d 506 (2003)
STATE of Louisiana
v.
Russell MILLIEN
2002 KA 1006
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
*508 Anthony G. Falterman, Office of District Attorney, By Donald D. Candell, Gonzales, Counsel for Appellee, State of Louisiana.
Peggy J. Sullivan, Monroe, Counsel for Defendant/Appellant, Russell Millien.
Before: PARRO, MCDONALD, and CLAIBORNE,[1] JJ.
MCDONALD, J.
The defendant, Russell Millien, was charged by amended bill of information with one count of theft of property having a value of five hundred dollars or more, a violation of La. R.S. 14:67, and pled not guilty. Following a jury trial, he was found guilty as charged. During trial, he twice moved for a mistrial, but the motions were denied. Following trial, he moved for a new trial, but the motion was denied. He was sentenced to five years at hard labor without benefit of parole, probation, or suspension of sentence to be served consecutively with any other sentence he was presently serving. He now appeals, designating three assignments of error. We reverse the defendant's conviction for theft of property having a value of five hundred dollars or more and enter a modified conviction of theft of property having a value of one hundred dollars or more, but less than five hundred dollars; we vacate the defendant's sentence; and we remand to the trial court for resentencing on the modified judgment of conviction.

SUFFICIENCY OF THE EVIDENCE
In assignment of error number one, the defendant contends the evidence was insufficient to support the verdict of guilty of felony theft. He argues the evidence failed to link him to theft of an amount greater than $500 and the circumstantial evidence failed to exclude the reasonable hypothesis that the checks not linked to him were drawn by someone other than him.
The standard of review for sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the State proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. In conducting this review, we also must be expressly mindful of Louisiana's circumstantial evidence test, which states in part, "assuming every fact to be *509 proved that the evidence tends to prove, in order to convict," every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. Where the key issue is the defendant's identity as the perpetrator, rather than whether or not the crime was committed, the State is required to negate any reasonable probability of misidentification. Positive identification by only one witness may be sufficient to support the defendant's conviction. State v. Wright, 98-0601, pp. 2-3 (La.App. 1st Cir.2/19/99), 730 So.2d 485, 486-87, writs denied, 99-0802 (La.10/29/99), 748 So.2d 1157; State ex rel. Wright v. State, XXXX-XXXX (La.11/17/00), 773 So.2d 732.
When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. Wright, 98-0601 at p. 3, 730 So.2d at 487.
Prior to amendment by 1999 La. Acts, No. 1251, § 1, La. R.S.14:67 provided:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
(2) When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
(3) When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
C. When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or taking shall determine the grade of the offense.
Between September and October 1998, the Ascension Parish Sheriff's Office began investigating bad check complaints involving checks drawn on the account of Jerome Bougere, III. The thirteen checks at issue were dated between September 19, 1998, and September 30, 1998.
Bougere was incarcerated between August 21, 1998, and October 8, 1998. He testified at trial and denied writing any of the checks at issue. After Bougere was incarcerated, he had his account closed and the blank checks for the account were placed in the trash. Bougere did not know the defendant, did not give the defendant *510 any of the checks at issue, and did not give the defendant permission to write any of the checks at issue.
The following checks, written on Bougere's account, were introduced into evidence:
Check # 275, dated September 29, 1998, to Wal-Mart for $120.00 (S-1);
Check # 261, dated September 30, 1998, to Wal-Mart for $280.00 (S-2);
Check # 270, dated September 28, 1998, to Wal-Mart for $100.00 (S-3);
Check # 267, dated September 26, 1998, to Chevron for $100.00 (S-4);
Check # 268, dated September 28, 1998, to First & Last Chance for $58.00 (S-5);
Check # 295, dated September 22, 1998, to Chevron for $40.00 (S-6);
Check # 278, dated September 22, 1998, to Elray Kocke for $11.06 (S-7);
Check # 293, dated September 23, 1998, to First & Last Chance for $45.00 (S-8);
Check # 263, dated September 25, 1998, to First & Last Chance for $50.00 (S-9);
Check # 291, dated September 19, 1998, to Lee's Chinese Inn for $20.20 (S-10);
Check # 282, dated September 22, 1998, to Lee's Chinese Inn for $40.00 (S-11);
Check # 292, dated September 23, 1998, to Lee's Chinese Inn for $50.00 (S-12);
Check # 299, dated September 23, 1998, to Popingo's for $50.00 (S-13); and
Check # 298, dated September 23, 1998, to Lee's Chinese Inn for $47.50 (S-18).[2]
At trial, the State established the defendant's fingerprints were discovered upon check numbers 278, 267, and 295.[3]
The State also presented testimony from Christy Ray Jarreau. In September 1998, Jarreau worked as a cashier for Elray Kocke. She identified State Exhibit number 7 as a check drawn on the account of Jerome Bougere for $11.06. Jarreau also identified a receipt which she had issued in connection with the sale of Visqueen from Elray Kocke for $11.06. Jarreau could not identify the person who gave her State Exhibit number 7 and she did not know that person.
The State also presented testimony from Cheryl Gibson. In September 1998, Gibson was employed by Mobil. She was shown a photographic lineup and selected the defendant's photograph from that lineup as the person she refused to take a check from "the night of the storm[.]" Gibson had "been knowing [the defendant] from a kid" and knew he was not "the person whose name was on the check." Gibson indicated the check she refused to take from the defendant was drawn on the account of Jerome Bougere.
The State also presented testimony from Samuel Patrick Fernandez. Fernandez was a cashier at Popingo's. He identified his initials on a check drawn on the account of Jerome Bougere and written out to Popingo's.[4] Fernandez received the check on Jerome Bougere's account from someone at Popingo's on September 13.
The State also presented testimony from Becky Lemon. Lemon indicated "at some point in time" she worked at Chevron. The State presented her with "two documents" for identification. She stated, "I *511 mean, [t]he only way I can identify them is that we endorsed them. I didn't take them."
The State also presented testimony from Michael Lawrence Turner. Lawrence ate at Lee's Chinese Inn (Lee's) weekly. He indicated "one day" while he was eating at Lee's, the defendant came into the store to purchase some food with a check. The cashier refused to take a check from the defendant. Thereafter, the cashier asked Turner if he knew the defendant's name, and Turner replied, "Russell Millien." Turner was familiar with the defendant because Turner had a friend who was the brother of one of the defendant's friends.
The State also presented testimony from Wendy Marie Madere. Madere had been a waitress at Lee's for approximately twelve years and also worked as a cashier at the restaurant when the hostess was busy.[5] Madere identified State Exhibits numbers 10, 11, 12, and 18 as checks written to Lee's, but stated, "I know that I didn't accept any of these checks." Madere indicated some checks drawn on Bougere's account had "[came] back" to Lee's, and she had been instructed not to accept any more checks from Jerome Bougere. Madere was working the day the check drawn on Bougere's account was refused, but did not see the refusal. She was informed by "the other girl that works [at Lee's]" that, "Jerome Bougere was trying to pass another check. And there was a customer in there and said that is not Jerome Bougere that, that is Russell Millien." Madere indicated the customer who identified the defendant was Michael Turner.
The State also presented testimony from Julie Blanchard Guillot. Guillot had owned the First and Last Chance Restaurant for fifteen years. She identified three checks drawn on the account of Jerome Bougere and written in payment for food at the restaurant. Guillot indicated she was present when two of the checks were presented in payment. The checks were in the amounts of $58 and $50. Guillot identified the defendant in court as the person who had presented the checks in payment. She did not see the defendant write the checks because the checks were already written out when the defendant entered the restaurant.
The State also presented testimony from Jamie James Castro. Castro had been manager of the First and Last Chance in Donaldsonville for approximately six years. He identified State Exhibits numbers 5, 8, and 9 as checks drawn on the account of Jerome Bougere, III and written out "to the Chance." Castro indicated he had personally accepted State Exhibits numbers 5 and 8 and identified the defendant in court as the person he had accepted the checks from. Castro had gone to school with the defendant and recognized him when he first came into the restaurant.
The State also presented testimony from Arthur Scott. Scott was a Wal-Mart store manager. Scott identified State Exhibits numbers 1, 2, and 3 as checks accepted at the Donaldsonville Wal-Mart that had "come back" because the account was closed.
In closing, the State made the following argument concerning proof of the value element of the offense:
Now, in an amount in excess of $500, that would be up the jury to decide. I have presented to you amount of 13 checks in the amount of $964. We've indicated to you that the misappropriation was the $964 plus, I think, it's .24 cents. The jury will have to decide about the amount. That's going to be *512 up to you. I've presented several businesses, and I've presented an amount of $964, which is over $500.
It's a graded offense, so the Judge is going to get into responsive verdict. You may feel it's not $964. You may feel it's between $100 and $500. You may feel it's less than $100. I'm going to rely on the jury to make that determination.
After a thorough review of the record, we are not convinced the evidence presented herein, viewed in the light most favorable to the State, proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, all of the elements of the offense of theft of property having a value of five hundred dollars or more and the defendant's identity as the perpetrator of that offense. The State's evidence, viewed under the foregoing standard, established the taking, by a number of distinct acts, of things of value by means of fraudulent conduct, practices, and representations in the aggregate amount of $304.06, and the defendant's identity as the perpetrator of those takings. (This amount includes checks number 263, 268, 293, which witnesses testified Mr. Millien presented to them, and the three checks that had Mr. Millien's fingerprints on them, numbers 267, 278 and 295.) The State's theory was that the defendant presented for payment all of the checks fraudulently drawn on the account of Bougere. However, no direct evidence established the defendant's identity as the person who presented State Exhibits numbers 1, 2, 3, 10, 11, 12, and 13 in payment.[6] Further, any circumstantial evidence that the defendant presented those checks in payment failed to exclude the reasonable hypothesis of innocence that someone other than the defendant presented those checks in payment.
While we find insufficient evidence to support the conviction on the charge herein, discharge of the defendant is not warranted. The discharge of the defendant is neither necessary nor proper when the evidence does support a conviction on a lesser and included offense which was a legislatively authorized responsive verdict. State v. Byrd, 385 So.2d 248, 251 (La.1980). If an appellate court finds the evidence, viewed in the light most favorable to the State, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense. La. C.Cr.P. art. 821 E; State v. Ledet, 96-0142, p. 16 (La.App. 1st Cir.11/8/96), 694 So.2d 336, 346, writ denied, 96-3029 (La.9/19/97), 701 So.2d 163. The evidence in the instant case, viewed in the light most favorable to the State, proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, the defendant's commission of theft of property having a value of one hundred dollars or more, but less than five hundred dollars. This grade of theft is a legislatively authorized responsive verdict to a charge of theft of property having a value of five hundred dollars or more. La. C.Cr.P. art. 814 A(26).
Accordingly, the defendant's conviction for theft of property having a value of five hundred dollars or more hereby is reversed and modified to a conviction of theft of property having a value of one hundred dollars or more, but less than five hundred dollars; the defendant's sentence hereby is vacated; and this matter hereby is remanded to the trial court for resentencing on the modified judgment of conviction.
*513 Our resolution of this assignment of error causes us to pretermit consideration of assignment of error number three, wherein the defendant contends the sentence imposed was unconstitutionally harsh and excessive.

OTHER CRIMES EVIDENCE
In assignment of error number two, the defendant contends the trial court erred in allowing the admission of other crimes evidence and erred in denying a motion for mistrial based upon the introduction of that evidence. He argues the testimony of Gibson and Turner and evidence concerning check number 298 constituted other crimes evidence which was admitted without either notice by the State or a pre-trial hearing on admissibility.
The defense objected to testimony from Gibson, arguing that discovery indicated Gibson's testimony concerned an attempted check cashing and moved for mistrial on the basis of other crimes evidence. The court overruled the objection and denied the motion for mistrial, noting the evidence showed modus operandi. The only objection the defense raised to Turner's testimony was in reference to the State leading the witness. The defense objected to the admissibility of all checks written to Lee's Chinese Inn (check numbers 291, 282, 292, and 298) as irrelevant and immaterial. The checks were admitted over defense objection.
Initially, we note the defendant failed to lodge a contemporaneous objection to the testimony of Turner. Accordingly, the defendant's challenge to the admissibility of Turner's testimony was not preserved for appeal. An irregularity or error cannot be availed of after verdict unless, at the time the ruling or order of the court was made or sought, the party made known to the court the action which he desired the court to take, or of his objections to the action of the court, and the grounds therefor. La.C.Cr.P. art. 841; La. C.E. art. 103 A(1).
Louisiana Code of Evidence article 404, in pertinent part, provides:

B. Other crimes, wrongs, or acts.
(1) Except as provided in Article 412 [not pertinent hereto], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
Generally, evidence of other crimes committed by the defendant is inadmissible due to the "substantial risk of grave prejudice to the defendant." To admit "other crimes" evidence, the State must establish that there is an independent and relevant reason for doing so, i.e., to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act. The Louisiana Supreme Court has also held other crimes evidence admissible as proof of other crimes exhibiting almost identical modus operandi or system, committed in close proximity in time and place. Evidence of other crimes, however, is not admissible simply to prove the bad character of the accused. Furthermore, the other crimes evidence must tend to prove a material fact genuinely at issue *514 and the probative value of the extraneous crimes evidence must outweigh its prejudicial effect. State v. Tilley, 99-0569, p. 18 (La.7/6/00), 767 So.2d 6, 22, cert. denied, 532 U.S. 959, 121 S.Ct. 1488, 149 L.Ed.2d 375 (2001).
The procedure to be used when the State intends to offer evidence of other criminal offenses was formerly controlled by State v. Prieur, 277 So.2d 126 (La. 1973). Prior to its repeal by 1995 La. Acts, No. 1300, § 2, La. C.E. art. 1103 provided that the notice requirements and clear and convincing evidence standard of Prieur and its progeny were not overruled by the code of evidence. Prieur dealt with La. R.S. 15:445 and La. R.S. 15:446, nowrepealed statutes, which addressed the admissibility of other crimes evidence. Under Prieur, the State was required to give a defendant notice, both that evidence of other crimes would be offered against him, and of which exception to the general exclusionary rule the State intended to rely upon. Prieur, 277 So.2d at 130. Additionally, the State had to prove by clear and convincing evidence that the defendant committed the other crimes. Prieur, 277 So.2d at 129. See State v. Code, 627 So.2d 1373, 1381 (La.1993), cert. denied, 511 U.S. 1100, 114 S.Ct. 1870, 128 L.Ed.2d 490 (1994).
However, 1994 La. Acts, 3d Ex.Sess., No. 51 added La. C.E. art. 1104 and amended La. C.E. art. 404 B. La. C.E. art. 1104 provides that the burden of proof in pretrial Prieur hearings, "shall be identical to the burden of proof required by Federal Rules of Evidence Article IV, Rule 404."
The amendment to La. C.E. art. 404 B inserted the language "provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes," into the article.
The burden of proof required by Federal Rules of Evidence Article IV, Rule 404, is satisfied upon a showing of sufficient evidence to support a finding by the jury that the defendant committed the other crime, wrong, or act. See Huddleston v. U.S., 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). The Louisiana Supreme Court has yet to address the issue of the burden of proof required for the admission of other crimes evidence in light of the repeal of La. C.E. art. 1103 and the addition of La. C.E. art. 1104. However, numerous Louisiana appellate courts, including this Court, have held that burden of proof to now be less than "clear and convincing." See State v. Williams, 99-2576, p. 7 n. 4 (La.App. 1st Cir.9/22/00), 769 So.2d 730, 735 n. 4.
In the instant case, the testimony of Gibson and the evidence concerning check number 298 related to conduct constituting an integral part of the act or transaction that was the subject of the prosecution against the defendant. As such, the notice requirements of Prieur were inapplicable. The State's theory was that the defendant presented for payment all of the checks fraudulently drawn on the account of Bougere. Some of these checks were successfully passed in payment while others were refused. The unsuccessful attempts to pass the checks fraudulently drawn on the account of Bougere as well as the successful passing of checks fraudulently drawn on the account of Bougere constituted one continuous scheme. See State v. Mitchell, 344 So.2d 1026, 1029 (La.1977) (attempts to cash checks together with prior successful cashing of checks formed one continuous transaction and were part of res gestae of offense).
Additionally, assuming arguendo, the balancing test of La. C.E. art. 403 is applicable to integral act evidence admissible *515 under La. C.E. art. 404 B,[7] that test was satisfied in this matter. The probative value of the testimony of Gibson and the evidence concerning check number 298 was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or waste of time.
This assignment of error is without merit.

CONCLUSION
Therefore, for the foregoing reasons, defendant Russell Millien's conviction for theft of property having a value of five hundred dollars or more is reversed and modified to a conviction for theft of property having a value of one hundred dollars or more, but less than five hundred dollars; the sentence is vacated; and we remand for resentencing on the modified conviction.
CONVICTION REVERSED AND MODIFIED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The bill of information did not include check # 298 in aggregating the fraudulently presented checks to charge the offense.
[3] A defendant's fingerprint on an object associated with a crime is direct evidence that the defendant touched the object at some time and is circumstantial evidence that he touched it at the time of the offense. State v. Allen, 95-1515, p. 8 (La.App. 1st Cir.6/28/96), 677 So.2d 709, 714, writ denied, 97-0025 (La.10/3/97), 701 So.2d 192.
[4] The State did not reference the check by check number or State exhibit number.
[5] The trial testimony was presented on March 2, 2000.
[6] See footnote number 2.
[7] The Louisiana Supreme Court has left open the question of the applicability of the Article 403 test to integral act evidence admissible under La. C.E. art. 404 B. See State v. Colomb, 98-2813, pp. 4-5 (La.10/1/99), 747 So.2d 1074, 1076 (per curiam).