PER CURIAM.
hThe State seeks supervisory relief from the trial court’s ruling that held the defendant’s 1999 conviction for armed robbery, attempted armed robbery, and first degree robbery is not admissible as other crimes evidence under LSA-C.E. art. 404(B)(1) if the defendant elects to invoke his Fifth Amendment privilege against self-incrimination and remain silent, although the facts and events surrounding the crimes subject of the conviction are admissible as other crimes evidence. Under the given facts, we conclude the defendant’s conviction is admissible under LSA-C.E. art. 404(B)(1), regardless of whether the defendant elects to testify at trial or invoke his Fifth Amendment right to remain silent.
Generally, courts may not admit evidence of other crimes, wrongs or acts of a criminal defendant in order to show that he or she is a person of bad character who has acted in conformity therewith. LSA-C.E. art. 404(B)(1). However, the State may introduce evidence of other crimes, wrongs or acts if it establishes an independent and relevant reason for its admissibility, such as to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. LSA-C.E. art. 404(B)(1). The evidence must tend to prove a material fact at issue or to rebut a defendant’s defense. State v. Martin, 377 So.2d 259, 263 (La.1979). Additionally, pthe State bears the burden of proving that the defendant committed the other crimes, wrongs or acts. State v. Galliano, 2002-2849, p. 2 (La.1/10/03), 839 So.2d 932, 933, per curiam, citing State v. Prieur, 277 So.2d 126, 130 (La.1973). Although a criminal defendant’s prior bad acts may be relevant and otherwise admissible under LSA-C.E. art. 404(B), the court must still balance the probative value of the other crimes, wrongs or acts evidence against its prejudicial effects before the evidence can be admitted. LSA-C.E. art. 403. The probative value of the evidence must outweigh its prejudicial effect of unfair prejudice, confusion of the issues, *568 or misleading the jury, or by considerations of undue delay, or waste of time. Id.; State v. Galliano, 2002-2849, p. 3, 839 So.2d 932 at 933. As used in the balancing test, “prejudicial” limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. State v. Germain, 433 So.2d 110, 118 (La.1983). The term “unfair prejudice,” as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. State v. Rose, 2006-0402, p. 13 (La.2/22/07), 949 So.2d 1236, 1244, citing Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997).
In applying these principles, we are mindful of the finality of the trial court’s separate ruling that the facts and events surrounding the crimes subject of the defendant’s 1999 conviction are admissible under LSA-C.E. art. 404(B)(1). See State v. Henderson, 12-2168 (La.10/26/12), 99 So.3d 657. In light of such, the admissibility of the defendant’s 1999 guilty pleas and resulting conviction are probative because they are additional evidence of the other crimes and, importantly, bar any question as to whether he committed the offenses. Moreover, admission of the conviction is not unduly or unfairly prejudicial such that it would lure the | -¡factfinder into declaring guilt based on the prior criminal offenses. Since the events surrounding the conviction have been rendered admissible as other crimes evidence, there is no additional “risk of grave prejudice to the defendant.” State v. Prieur, 277 So.2d 126 at 128.
Last, the issue of whether the defendant elects to exercise his Fifth Amendment right against self-incrimination and remain silent is not relevant to the admissibility of his conviction. Contrary to the trial court’s reasoning, there is no conflict between LSA-C.E. art. 404(B)(1) and LSA-C.E. art. 609.1 under the given facts. LSA-C.E. art. 609.1 places guidelines on the impeachment of a witness in a criminal proceeding with evidence of a prior conviction. State v. Crawford, 95-1352, p. 11 (La.App. 3 Cir. 4/3/96), 672 So.2d 197, 205. In the event the defendant elects to invoke his Fifth Amendment privilege to remain silent, LSA-C.E. art. 609.1 is not implicated as to the admissibility of his conviction since he is not a trial witness. Id. Moreover, to accept the trial court’s interpretation of LSA-C.E. art. 609.1, a criminal defendant’s prior conviction, regardless of it being highly probative, relevant to the proceedings, and admissible on other grounds, would never be introduced into evidence unless the defendant takes the stand at his trial.
Nonetheless, under the given facts, the defendant’s prior conviction is admissible under LSA-C.E. art. 404(B)(1) regardless of the defendant’s participation in the trial proceedings as a witness or the application of LSA-C.E. art. 609.1. The State has sustained its burden of proving an independent and relevant reason under LSA-C.E. art. 404(B)(1) for the admission of the 1999 conviction as other crimes evidence, which is not substantially outweighed by the risk of undue or unfair prejudice to the defendant.
Therefore, we conclude the trial court abused its discretion in finding the |,¡defendant’s prior conviction to be inadmissible under LSA-C.E. art. 404(B)(1) if the defendant invokes his Fifth Amendment privilege to remain silent. Accordingly, the writ is granted. The judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings.