*751 On Supervisory Writs to the Criminal District Court, Parish of Orleans.
PER CURIAM.
Writ granted in part. The district court’s reasons for judgment suggest the court erroneously believed that only prior crimes which demonstrate modus operan-di are admissible. Whatever the court’s reasons, however, La. C.E. art. 404(B) governs the admissibility of other crimes evidence.
The state filed a Priewr notice[1] of intent to introduce evidence of two prior instances of defendant’s guilty pleas to attempted possession of a firearm: once with a revolver and once with an assault rifle. The state seeks to use evidence of these prior crimes in aid of its prosecution for the charge of possession of a firearm by a felon in violation of La. R.S. 14:95.1, and for the charge of aggravated assault with a firearm in violation of La. R.S. 14:37.4. The state’s Priewr notice indicates its intent to use the convictions to aid the state in proving the defendant’s “intent to possess a firearm, his knowledge of the legal disability created by his predicate felony conviction for possession of cocaine, and the absence of any mistake or accident as to such disability.”
The district court ruled the state could use the prior handgun crime in prosecuting the charge of felon in possession of a firearm. However, the district court excluded the prior assault rifle crime for prosecuting the charge of felon in possession of a firearm. For the prosecution of aggravated assault with a firearm, the district court excluded both the prior assault rifle and handgun crimes.
For the present charge of possession of a firearm by a felon, the state’s intended reasons for .using the prior assault rifle crime are consistent with La. C.E. art. 404(B), inasmuch as that section allows use of other crimes evidence to show “intent,” “knowledge,” and “absence of mistake or accident.” Under the unique facts of this case, in which no firearm was found on the defendant at the time of his arrest, each of these purposes is presumably an issue for trial. See, e.g., State v. Roman, 00-1705, p. 5 (La.12/07/01), 802 So.2d 1281, 1284 (indicating that when the defendant was charged with violating La. R.S. 14:95.1, but was found without a gun at time of arrest, the defendant’s claim that he merely brandished a mock gun is a “viable” defense). Thus, the district court abused its discretion in failing to consider the probative value of defendant’s conviction for attempted assault rifle possession in aid of the state’s prosecution for possession of a firearm by a felon.
For the present charge of aggravated assault with a firearm, the district court indicated an unfair prejudice would result in admitting evidence of the assault rifle conviction because the weapon there and the alleged weapon here were “dissimilar.” We see no abuse of discretion in that ruling. See State v. Altenberger, 13-2518, p. 9 (La.4/11/14), 139 So.3d 510, 516 (noting that a district court’s “ruling on the admissibility of the additional other *752 crimes evidence will not be disturbed absent an abuse of discretion.”).
However, from all that appears, the district court made no finding of unfair prejudice regarding the handgun conviction. We again note that no handgun was recovered on the defendant when he was arrested after the alleged assault with a weapon. Moreover, the defendant’s present trial strategy is geared to showing the state cannot carry its burden of proving the defendant actually had a firearm when he broke into the victims’ apartment. Accordingly, the state purports to show intent and absence of mistake. Just as for the charge of being a felon in possession of a firearm, the state’s intended showing is probative to the defendant’s culpability for the charge of aggravated assault with a firearm. See Roman, 00-1705, p. 5, 802 So.2d at 1284.
Moreover, as this court ruled, other crimes evidence is admissible if “[t]he probative value of the evidence ... outweigh[s] its prejudicial effect of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.” State v. Henderson, 12-2422, p. 2 (La.1/4/13), 107 So.3d 566, 567-568. Except as earlier noted for using the prior assault riñe conviction in the present prosecution of aggravated assault with a firearm, there has been no finding by the district court that the defendant’s prior firearm convictions would result in unfair prejudice. We hold likewise, and further find no likelihood of “confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.” Id.
We reverse the district court’s exclusion of the prior assault rifle crime for the prosecution of the charge of being a felon in possession of a firearm. We also reverse the district court’s exclusion of the handgun crime for the prosecution of aggravated assault with a firearm. We remand this matter for further proceedings consistent with this opinion.
REVERSED IN PART; REMANDED.
JOHNSON, C.J., would deny the writ.
HUGHES, J., would deny the writ.

. See generally State v. Prieur, 277 So.2d 126 (1973).