# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                          NEWS RELEASE #071

FROM: CLERK OF SUPREME COURT OF LOUISIANA


The Opinions handed down on the **1st day of December, 2016**, are as follows:


**BY JOHNSON, C.J.**:


2016-KK-1124        STATE OF LOUISIANA v. JOSEPH TAYLOR (Parish of Orleans)
     C/W
2016-KK-1183

                    For the reasons set forth in this opinion, we find no error in
                    the district court's ruling allowing the state to introduce
                    evidence of defendant's 1999 PWITD cocaine conviction at trial.
                    However, we find the district court abused its discretion in
                    failing to conduct a pre-trial hearing to determine the
                    admissibility of defendant's 1998 and 2005 convictions for
                    possession of cocaine. Therefore, we reverse this ruling of the
                    district court and remand the matter to district court to conduct
                    a pre-trial hearing consistent with the guidelines set forth in
                    this opinion.
                    AFFIRMED IN PART; REVERSED IN PART AND REMANDED.  ANY REQUEST FOR
                    REHEARING MUST BE RECEIVED BY THIS COURT WITHIN SEVEN DAYS FROM
                    THE ISSUANCE OF THIS OPINION.


                    CRICHTON, J., additionally concurs and assigns reasons.

**SUPREME COURT OF LOUISIANA**

**No. 2016-KK-1124**

**CONSOLIDATED WITH**

**No. 2016-KK-1183**

**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH TAYLOR**

**ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT
COURT FOR THE PARISH OF ORLEANS**

**JOHNSON, C.J.**

Defendant is charged with possession with intent to distribute ("PWITD") cocaine and conspiracy to distribute cocaine. The state sought to introduce evidence of defendant's three alleged prior convictions at trial – one PWITD cocaine and two for possession of cocaine. In accordance with Louisiana Code of Evidence article 404(B)(1) and *State v. Prieur*, 277 So. 2d 126 (La. 1973), the state filed two notices of intent to introduce such evidence, attaching the three police reports associated with these prior incidents to satisfy its burden of proof. The district court issued rulings allowing the state to introduce the other crimes evidence and the court of appeal denied defendant's writ applications. We granted defendant's two writ applications to address the correctness of the district court's rulings and to re-examine the requirements and procedure for introduction of "other crimes, wrongs or acts" evidence at trial.

For the following reasons, we affirm the ruling of the district court relative to the admissibility of defendant's prior PWITD cocaine conviction. However, we reverse the district court's ruling relative to the admissibility of defendant's prior two

convictions for possession of cocaine and remand this matter to the district court to conduct a pre-trial evidentiary hearing to determine the admissibility of this evidence.

## FACTS AND PROCEDURAL HISTORY

On April 3, 2014, defendant, Joseph Taylor, was charged by bill of information with, *inter alia*, PWITD cocaine. On October 16, 2014, the district court found probable cause after conducting a probable cause hearing. The state filed a superseding bill of information on May 5, 2015, charging defendant with, *inter alia*, conspiracy to distribute cocaine and PWITD cocaine.[1] The original bill of information was dismissed on May 18, 2015. Trial was initially scheduled for April 13, 2016. On April 8, 2016, the state filed a "Notice of Intent to Offer Evidence of Similar Crimes pursuant to *State v. Prieur* and La. C.E. art. 404(B)" ("*Prieur* notice"), seeking to introduce evidence of defendant's 1999 conviction for PWITD cocaine as "evidence of intent to distribute narcotics in the present charge as demonstrative of repetitive behavior in similar circumstances."[2] The state attached the corresponding police report to its notice and asserted defendant pled guilty to the charge. Defendant filed an objection to the notice. Defendant argued the 1999 conviction was not admissible to show his intent in 2014, and further that he was not contesting intent at trial. Defendant also argued the 1999 case was not sufficiently similar to the 2014 allegation of possession with intent to distribute and that the prejudicial effect of the evidence outweighed its probative value. A *Prieur* hearing was held on April 12, 2016. Defendant subpoenaed and sought to introduce the testimony of the arresting and reporting officers relative to the 1999 incident.

---

[1] Defendant was charged with three co-defendants. The cases were severed on November 23, 2015, and the state opted to try defendant first.

[2] Although the other crimes evidence was primarily offered to prove intent, the state also argued the evidence was admissible to prove identity. Because we find this evidence admissible to prove intent, we need not address the issue of identity.

At the hearing, the district court heard arguments from the state and defendant relative to the state's burden at a *Prieur* hearing, and specifically whether the unauthenticated police report attached to the state's notice was sufficient to satisfy the state's burden. The district court ruled the police report was admissible without further authentication and sufficient to be considered on the substantive issue of *Prieur*, and further denied defendant's request to call the subpoenaed officers to testify. The district court granted the state's *Prieur* motion, allowing the state to introduce evidence of the 1999 PWITD conviction. On May 13, 2016, the court of appeal denied defendant's writ application, finding the district court did not abuse its discretion in permitting the state to introduce this *Prieur* evidence.[3]

On May 23, 2016, the state filed an "Amended Notice of Intent to Offer Evidence of Similar Crimes Pursuant to *State v. Prieur* and Article 404(B)(1)," noting its intent to introduce evidence of defendant's 1998 and 2005 guilty pleas to possession of cocaine.[4] The state attached the corresponding police reports to its amended *Prieur* notice. Although the matter was not set for a *Prieur* hearing, the issue was raised at a scheduled ruling date on May 25, 2016, at which time the court heard limited arguments relative to the necessity of a specific *Prieur* hearing. The court proceeded to grant the state's *Prieur* motion and denied the defendant's request to conduct a hearing for the purpose of assessing the admissibility of the 1998 and 2005 prior acts. On June 17, 2016, the court of appeal denied defendant's writ application, finding defendant has an adequate remedy on appeal.[5]

Defendant filed two writ applications in this court arising out of the district

---

[3] *State v. Taylor*, 16-0397 (La. App. 4 Cir. 5/13/16).

[4] According to the 1998 police report, defendant was arrested for PWITD cocaine.

[5] *State v. Taylor*, 16-0600 (La. App. 4 Cir. 6/17/16).

3

court's rulings on the state's two *Prieur* notices. We granted defendant's writ applications and consolidated the matters for argument and opinion.[6]

**DISCUSSION**

In the seminal case of *State v. Prieur*, 277 So. 2d 126 (La. 1973), this court addressed the admissibility of other crimes evidence pursuant to former statutes La. R.S. 15:445 and La. R.S. 15:446. At the time of *Prieur*, these statutes provided:

> § 445. Inference of intent; evidence of acts similar to that charged
>
> In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction.
>
> § 446. Evidence where knowledge or intent is material and where offense is one of a system
>
> When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.

The court explained at the time that these statutes "were adopted in 1928 as part of the old Code of Criminal Procedure and reflect a conscious desire on the part of the draftsmen to adopt a limited, rather than expansive, approach to the admissibility of other acts of misconduct." *Prieur*, 277 So. 2d at 128. The court recognized that "the admissibility of other acts of misconduct involves substantial risk of grave prejudice to a defendant." *Id.* Thus, this court reasoned "the probative value of evidence of unrelated offenses in relation to the charged offense should therefore be weighed in light of its possible prejudicial effect, its tendency to influence the triers of fact improperly as to the present guilt of the accused." *Id.* The court held if the state is

---

[6] *State v. Taylor*, 16-1124 (La. 6/28/16), 192 So. 3d 781; *State v. Taylor*, 16-1183 (La. 6/28/16), 192 So. 3d 781.

able to show **by clear and convincing evidence** that the defendant committed the other crime, such evidence may well be properly admissible. *Id.* at 129. But, to protect defendant's constitutional rights, the court established safeguards prerequisite to the admissibility of such evidence:

> When the State intends to offer evidence of other criminal offenses under the exceptions outlined in R.S. 15:445 and 446:
>
> (1) The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant's testimony.
>
> (2) In the written statement the State shall specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses.
>
> (3) Prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered.
>
> (4) When the evidence is admitted before the jury, the court, if requested by defense counsel, shall charge the jury as to the limited purpose for which the evidence is received and is to be considered.
>
> (5) Moreover, the final charge to the jury shall contain a charge of the limited purpose for which the evidence was received, and the court shall at this time advise the jury that the defendant cannot be convicted for any charge other than the one named in the indictment or one responsive thereto.

*Id.* at 130.

Subsequent to our decision in *Prieur*, the legislature enacted the Code of Evidence which specifically addressed the admissibility of other crimes evidence in Article 404(B), and set forth a non-exhaustive list of instances wherein such evidence may be admissible. La. C.E. art. 404(B) was originally enacted in 1988 to provide as follows:

5

B. Other crimes, wrongs, or acts. Except as provided in Article 412, **evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith**. **It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident**, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding. In the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of the victim's prior threats against the accused or the accused's state of mind as to the victim's dangerous character is not admissible; provided further that when the accused pleads self-defense and there is a history of assaultive behavior between the victim and the accused and the accused lived in a familial or intimate relationship such as, but not limited to, the husband-wife, parent-child, or concubinage relationship, it shall not be necessary to first show a hostile demonstration or overt act on the part of the victim in order to introduce evidence of the dangerous character of the victim, including specific instances of conduct and domestic violence and further provided that an expert's opinion as to the effects of the prior assaultive acts on the accused's state of mind is admissible.

1988 La. Acts 515. (Emphasis added). Code of Evidence article 104 was enacted

at the same time to provide, in pertinent part:

A. Questions of admissibility generally. Preliminary questions concerning the competency or qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of Paragraph B. In making its determination it is not bound by the rules of evidence except those with respect to privileges.

B. Relevancy conditioned on fact. Subject to other provisions of this Code, when the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

\*\*\*

1988 La. Acts 515, § 1. These articles were accompanied by La. C.E. art. 1103, which provided:

Article 404(B) and 104(A) neither codifies nor affects the law of other crimes evidence, as set forth in *State v. Prieur*, 277 So. 2d 126 (La. 1973), *State v. Davis*, 449 So. 2d 466 (La. 1984) and *State v. Moore*, 278 So. 2d 781 (La. 1973) and their progeny, as regards the notice requirement and the clear and convincing evidence standard in regard to other crimes evidence. Those cases are law and apply to Article

6

404(B) and 104(A), unless modified by subsequent state jurisprudential development.

Although *Prieur* provided only three exceptions where other crimes evidence may be admissible – to show "intent, knowledge or system," Article 404(B) expanded the areas of independent relevance to allow such evidence to be admitted for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident." Otherwise, the enactment of the Code of Evidence did not change or overrule the standards and requirements set forth in *Prieur* and its progeny, and did not substantially change the manner in which other crimes evidence was evaluated by the courts. District courts continued to make pre-trial determinations regarding the admissibility of such evidence applying the clear and convincing burden of proof. *See, e.g., State v. Scales*, 93-2203 (La. 5/22/95), 655 So. 2d 1326, 1330-31.

Article 404(B) was amended to its present form in 1994:[7]

B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

Notably, at the same time, the legislature added La. C.E. art. 1104: "The burden of proof in a pretrial hearing held in accordance with *State v. Prieur*, 277 So. 2d 126 (La. 1973), shall be identical to the burden of proof required by Federal Rules of Evidence Article IV, Rule 404." Article 1103 was subsequently repealed by 1995 La. Acts 1300.

---

[7] 1994 La. Acts 51.

The addition of Article 1104, along with the repeal of Article 1103, demonstrate a definitive change relative to the burden of proof the state must meet before evidence of other crimes, wrongs, or acts can be admissible. The *Prieur* court grounded its analysis in "the spirit of" constitutional protections affording an accused notice of the nature of the charges against him, the right to present a defense, and the right of confrontation. 277 So. 2d at 130. However, the court did not explicitly state why the "clear and convincing" standard is necessary to safeguard those rights.

Article 1104 provides the burden of proof is identical to that required by Federal Rule of Evidence 404. Although Federal Rule 404 does not clearly state a specific burden of proof, the United States Supreme Court has interpreted Federal Rule 404(b),[8] along with Federal Rule 104(b)[9] to support a finding that a lesser standard is sufficient. In *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed. 2d 771 (1988), the Court, in reviewing the standard of proof for other crimes evidence under Fed. R. Evid. art. 404(b), considered whether the district court must make a preliminary finding that the government has proved the "other act" *by a preponderance of the evidence* before it submits the evidence to the jury. 485 U.S. at

---

[8] Fed. R. Evid. 404(b) provides:

(b) Crimes, Wrongs, or Other Acts.
(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
(B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

[9] Fed. R. Evid. 104(b) provides:

(b) Relevance That Depends on a Fact. When the relevance of evidence depends on whether a fact exists, **proof must be introduced sufficient to support a finding that the fact does exist**. The court may admit the proposed evidence on the condition that the proof be introduced later. (Emphasis added).

682. In addition to finding Federal Rule 404(b) does not mandate a preliminary finding by the trial court that the act in question occurred, the Court concluded that the trial court need only assess whether the evidence is *sufficient* to support a finding by the jury that defendant committed the act, in accordance with Federal Rule of Evidence 104(b). *Id.* at 690. (Emphasis added). Louisiana has a parallel provision in Code of Evidence article 104(B): "**B. Relevancy conditioned on fact.** Subject to other provisions of this Code, when the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of *evidence sufficient to support a finding* of the fulfillment of the condition." (Italics added).

The jurisprudence has at times painted a murky picture concerning the burden of proof relative to introduction of other crimes evidence pursuant to La. C.E. art. 404(B). Although this court has long recognized an issue exists regarding the extent to which the repeal of La. C.E. art. 1103 and the addition of La. C.E. art. 1104 has affected the burden of proof required for the admission of other crimes evidence, we have yet to directly address and resolve the issue. *See, e.g., State v. Jacobs*, 99-0991 (La. 5/15/01), 803 So. 2d 933, 952 n. 15*; State v. McArthur*, 97-2918 (La. 10/20/98), 719 So. 2d 1037, 1039 n. 1. In some cases, we did not need to reach the issue because we found the state satisfied its burden under either the clear and convincing evidence standard or a lower standard. *See*, *e.g.*, *State v. Rose*, 06-0402 (La. 2/22/07), 949 So. 2d 1236, 1243 n. 3; *State v. Galliano*, 02-2849 (La. 1/10/03), 839 So. 2d 932, 933 n.1; *State v. Cotton*, 00-0850 (La. 1/29/01), 778 So. 2d 569, 578 n. 3. Additionally, this court has, on occasion, referenced and applied the "clear and convincing" standard even after the enactment of Article 1104. However, this court merely relied on jurisprudence that preceded the enactment of Article 1104. *See, e.g., State v.*

9

*Robertson*, 15-2095 (La. 2/5/16), 183 So. 3d 1287, 1289 n. 1; *State v. Blank*, 04-0204 (La. 4/11/07), 955 So. 2d 90, 123. Even without a definitive ruling by this court, our circuit courts have generally recognized that the "clear and convincing" standard stated in *Prieur* has been legislatively abrogated. *See, e.g., State v. Millien*, 02-1006 (La. App. 1 Cir. 2/14/03), 845 So. 2d 506, 514; *State v. Aleman*, 01-0743 (La. App. 5 Cir. 1/15/02), 809 So. 2d 1056, 1064-65, *writ denied*, 02-0481 (La. 3/14/03), 839 So. 2d 26; *State v. Williams*, 99-2576 (La. App. 1 Cir. 9/22/00), 769 So. 2d 730, 735 n. 4; *State v. Langley*, 95-2029 (La. App. 4 Cir. 9/4/96), 680 So. 2d 717, 720-21, *writ denied*, 96-2357 (La. 2/7/97), 688 So. 2d 498; *State v. Crawford*, 95-1352 (La. App. 3 Cir. 4/3/96), 672 So. 2d 197, *writ denied*, 96-1126 (La. 10/4/96), 679 So. 2d 1379.

We find no constitutional requirement for adherence to the "clear and convincing" evidence standard set forth in *Prieur*. Given the clear language of Code of Evidence Articles 1104 and 104(B), and considering the Supreme Court's holding in *Huddleston*, we now recognize and hold that when seeking to introduce evidence pursuant to La. C.E. art. 404(B), the state need only make a showing of *sufficient* evidence to support a finding that the defendant committed the other crime, wrong, or act.

Having established the correct standard under Article 404(B), we revisit the requirements for admissibility of other crimes evidence. In opposing defendant's writ applications in this court, the state asserts that neither *Prieur* nor the subsequent enactment of the Code of Evidence require a pre-trial evidentiary hearing. Relying on *Huddleston*, the state asserts the Supreme Court explicitly rejected the notion that the government has a pre-trial evidentiary burden relative to admissibility of other crimes evidence. The state urges this court to adopt the procedure set forth in *Huddleston* and expressly overrule *Prieur*. We decline to do so.

10

*Prieur* did not specifically require a pre-trial evidentiary hearing on the question of the admissibility of other crimes evidence. In *State v. Lukehahr*, 363 So. 2d 661, 665 (La. 1978), this court explained that *Prieur* does not "require a pre-trial evidentiary hearing as to whether extraneous other-crime evidence may be admitted; it only requires that, before such evidence is introduced, the trial court must determine, on the basis of the showing requisite for it to do so at the hearing outside the presence of the jury, that the extraneous acts are probative of a real issue and that their probative value exceeds their prejudicial effect." However, despite the pronouncement in *Lukehahr*, the *Prieur* court did not prohibit such a hearing and the jurisprudence that developed after *Prieur* certainly envisioned a pre-trial hearing, commonly referred to as a "*Prieur* hearing." *See*, *e.g.*, *State v. Hatcher*, 372 So. 2d 1024, 1027 (La. 1979). Although not addressing the issue directly, post-*Huddleston* this court has continued to indicate that the state cannot introduce evidence of other crimes without first conducting a pre-trial hearing at which it must prove defendant committed the other crimes and that they are admissible under Article 404(B). *See*, *e.g.*, *State v. Altenberger*, 13-2518 (La. 4/11/14), 139 So. 3d 510, 517 (wherein this court remanded the matter for a pre-trial evidentiary hearing in accordance with *Prieur*). Moreover, unlike the Federal Rules of Evidence relied on by the Supreme Court in *Huddleston*, the Louisiana Code of Evidence specifically references a pre-trial hearing in accordance with *Prieur* in Article 1104, wherein an evidentiary burden of proof is provided. We therefore choose to maintain the longstanding requirement of a pre-trial hearing to determine the admissibility of other crimes evidence. We caution, however, that this hearing is not intended to be a "mini trial" of the prior offenses. *See Altenberger*, 139 So. 3d at 517; *State v. Garcia*, 09-1578 (La. 11/16/12), 108 So. 3d 1, 15-18. The state is simply required to make some showing of sufficient evidence to

support a finding that defendant committed the other act. We cannot mandate or prohibit a specific form of evidence applicable to every case. Although testimony is not required, it may be necessary depending on the facts of a particular case. Other times the submission of documents, such as a police report or conviction, and a summation of the other crime, wrong, or act will suffice. Sufficiency of the state's evidence naturally must be determined on a case by case basis.

Code of Evidence article 404(B)(1) embodies the settled principle that evidence of other crimes may be admissible if the state establishes an independent and relevant reason for its admission. While the clear and convincing burden of proof set forth in *Prieur* is no longer mandated, other jurisprudential rules and guidelines derived from *Prieur* and its progeny remain valid and applicable. Thus, the state is still required provide the defendant with written notice before trial that it intends to offer prior crimes evidence. *See Garcia*, 108 So. 3d at 39; *Rose*, 949 So. 2d at 1243. And, the safeguard in *Prieur* providing for a jury charge regarding the limited purpose for which other crimes evidence is presented remains valid. Moreover, even when the other crimes evidence is offered for a purpose allowed under Article 404(B)(1), the evidence must have substantial relevance independent from showing defendant's general criminal character and thus is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense. *Altenberger*, 139 So. 3d at 515; *Rose*, 949 So. 2d at 1243. Accordingly, the state cannot simply rely on a boilerplate recitation of the grounds for admissibility stated in La. C.E. art. 404(B). It is the duty of the district court in its gatekeeping function to determine the independent relevancy of this evidence. *Altenberger*, 139 So. 3d at 515; *Garcia*, 108 So. 3d at 39. The district court must also balance the probative value of the other crimes, wrongs or acts evidence against its prejudicial effects before the evidence can be admitted. *State v. Henderson*,

12-2422 (La. 1/4/13), 107 So. 3d 566, 567-68.

With these principles and guidelines in mind, we must now determine whether the district court correctly found the other crimes evidence admissible in this case. In the state's first *Prieur* notice, it explained its purpose to introduce evidence of defendant's 1999 conviction for PWITD cocaine as "evidence of intent to distribute narcotics in the present charge as demonstrative of repetitive behavior in similar circumstances." At the *Prieur* hearing, the state relied on a copy of the police report relative to the 1999 incident which was attached to its *Prieur* notice, and further asserted the defendant pled guilty to the charge, referencing the specific Orleans Parish Criminal District Court case number. Defendant argues the district court erred in allowing the state to rely solely on the unauthenticated police report that was attached to the *Prieur* notice and never properly introduced as evidence at the hearing. Additionally, defendant argues that by allowing the state to submit the police report without authentication and refusing to allow defendant to call witnesses to rebut the state's evidence, he was effectively denied the opportunity to participate in the evidentiary hearing.

First, we find no error in the district court relying on the unauthenticated police report for purposes of the *Prieur* hearing. La. C.E. art. 104(A) provides: "Preliminary questions concerning...the admissibility of evidence shall be determined by the court…. In making its determination it is not bound by the rules of evidence...." As this court has previously recognized, "the last sentence of this article is 'based on a recognition that most of the rules of evidence are intended to regulate the quality and reliability of evidence reaching the untrained juror, not the court.' La. Code Evid. art. 104, comment (d)." *Scales*, 655 So. 2d at 1330; *see also State v. Shirley*, 08-2106 (La. 5/5/09), 10 So. 3d 224, 228. Thus, the rules of evidence do not operate in full force

13

at a *Prieur* hearing. Accordingly, evidence such as hearsay evidence, although generally inadmissible at trial, is admissible at a *Prieur* hearing. In *Scales*, this court found no error in the district court allowing hearsay evidence at the pre-trial *Prieur* hearing, noting "we believe the trial judge in a *Prieur* hearing is competent to determine whether hearsay statements are sufficient to meet the state's burden …." *Id.* Additionally, in *Hatcher*, this court recognized that evidence offered by the state at the pre-trial *Prieur* hearing was hearsay, but found no error in the district court's ruling allowing such testimony. This court explained:

> We are satisfied that the testimony of the assistant district attorney adequately informed defendant of the nature and factual content of the other-crime evidence sought to be introduced by the state. Moreover, the testimony of the victims of the prior offenses at trial conforms substantially to the details of the offenses as described by the assistant district attorney. Additionally, this testimony afforded the trial judge a sufficient basis from which he could rule on the admissibility of the other-crime evidence.

372 So. 2d at 1027. Similarly, although the unauthenticated copy of the police report would be insufficient at trial, it is sufficient for purposes of consideration at a *Prieur* hearing.

In this case, we find no error in the district court allowing the state to submit an unauthenticated police report in order to meet its burden under Article 404(B)(1). Although it does not appear from the record that the police report was formally offered and accepted as evidence in the district court, it is undisputed defendant was provided a copy of the police report with the state's *Prieur* notice and the police report was physically before the court as part of the filed *Prieur* notice. Given the relaxed evidentiary standards in pre-trial evidentiary admissibility determinations, we find no error in the district court's ruling that the police report was sufficient to be considered on the substantive *Prieur* issue. We also point out that while the rules of evidence are relaxed in a pre-trial hearing to determine what evidence may be offered

14

at trial, the state will obviously be required to adhere to the rules of evidence when presenting evidence of the 1999 incident at trial. Should the state not properly present competent evidence at trial, the trial court may exclude the other crimes evidence at that time.

Additionally, we find no error in the district court's refusal to allow defendant to call the police officers related to the 1999 incident as witnesses at the *Prieur* hearing. The defendant subpoenaed and sought to present the testimony of the officers to rebut the state's argument that the facts of the 1999 incident were sufficiently similar to the current charges to be probative of intent or identity under Rule 404(B). Although pre-trial hearing is required, its limited purpose is simply to determine whether the state has provided sufficient evidence to support a finding by the jury that the defendant committed the other crime, wrong, or act. Here, the state presented the police report indicating the basis for the arrest and referenced defendant's guilty plea to the underlying charge with the appropriate court case number. Under the given facts, there is no requirement that defendant be allowed to subpoena and question state witnesses pre-trial, effectively conducting a trial of the prior crime. Notably, in this case, there appears to be no real dispute that defendant pled guilty to the 1999 charge represented in the police report. Defendant points out the state failed to introduce evidence of the actual plea/conviction, however in its *Prieur* notice, the state referenced the case number under which defendant pled guilty in the same court as the current offense. And, the state will be required to prove the conviction with competent evidence at trial. Furthermore, although defendant argues the prior crime did not occur in the exact manner portrayed in the police report, the fact that defendant pled guilty to the charge lessens the need for the court to hear testimony from the officers relative to that crime in the context of a *Prieur* hearing. The defendant received adequate notice of the other

crimes evidence the state plans to present and defendant can fully challenge the state's evidence relative to this prior crime at trial.

While we cannot say reliance on an unauthenticated police report will be sufficient evidence in every case, considering the police report submitted by the state in this case, combined with the referenced guilty plea to the 1999 PWITD charge, we find live testimony was not necessary and the state met its burden of submitting sufficient proof that defendant committed the 1999 crime. However, our inquiry does not end here. We must consider whether the state demonstrated that the 1999 PWITD offense satisfies one of the requirements listed in La. C.E. art. 404(B)(1).

In its *Prieur* notice, the state asserted the prior 1999 incident was relevant to demonstrate intent to distribute narcotics in this case. The defendant argues he is not disputing intent and thus the prior act serves no purpose other than to paint him as a bad person with a propensity for crime. Further, even if intent was a genuine issue in this case, defendant argues the prior act is not sufficiently similar to the current charges to be relevant.

"'This court has recognized the principle that where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show the intent with which the act charged was committed.'" *State v. Jackson*, 625 So. 2d 146, 150 (La. 1993) (quoting *State v. Cupit*, 179 So. 837, 839 (La. 1938)). The offense of possession with intent to distribute a controlled dangerous substance is comprised of two elements: (1) a knowing and intentional possession of the substance (2) with a specific intent to distribute it. *State v. Williams*, 16-32 (La. App. 5 Cir. 8/24/16), 199 So. 3d 1205, 1212. Thus, "specific intent is required to commit the crime to possess cocaine with intent to distribute." *State v. Elzie*, 343 So. 2d 712, 713 (La. 1977).

In *State v. Hearold*, 603 So. 2d 731, 735 (La. 1992), this court explained that "intent is a condition of mind which is usually proved by evidence of circumstances from which intent may be inferred." We further re-stated certain factors which are useful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance: (1) **whether the defendant ever distributed or attempted to distribute the drug**; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute." *Id.* (Emphasis added). This court has explicitly recognized that evidence of other drug sales is of great probative value in establishing intent to distribute when it is an essential element of the crime charged. *State v. Hill*, 11-2585 (La. 3/9/12), 82 So. 3d 267 (per curiam) ("In a prosecution for possession of contraband drugs with intent to distribute, evidence of prior acts of distribution is admissible on the question of specific intent."); *State v. Knighten*, 07-1061 (La. 11/16/07), 968 So. 2d 720, 721; *State v. Grey*, 408 So. 2d 1239, 1242 (La. 1982).

While the defendant argues intent is not a genuinely contested issue, his actual defense will be unknown until trial. Defendant is not bound by a pre-trial statement that intent will not be contested. In the current posture of this case, the state still has the burden of proving specific intent, an essential element of the crime charged, and the jury will be specifically instructed in this regard prior to deliberations. Thus, we find evidence of defendant's 1999 PWITD cocaine conviction relevant under Article 404(B)(1). As the case develops at trial, should it be clear that intent will not be

17

disputed, the district court can revisit the issue.

Although we have found the 1999 conviction relevant and otherwise admissible under Article 404(B)(1), we must still conduct a balancing test pursuant to Article 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La. C.E. art. 403. Any inculpatory evidence is "prejudicial" to a defendant, especially when it is "probative" to a high degree. *Rose*, 949 So. 2d at 1244; *State v. Germain*, 433 So. 2d 110, 118 (La. 1983). As used in the balancing test, "prejudicial" limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. *Henderson,* 107 So. 3d at 568; *Germain*, 433 So. 2d at 118. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Henderson,* 107 So. 3d at 568; *Rose*, 949 So. 2d at 1244 (citing *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed. 2d 574 (1997)). Under the particular facts of this case, although evidence of the prior incident is necessarily prejudicial, we cannot say that it is so inflammatory as to create an unacceptable risk of luring jurors "into declaring guilt on a ground different from proof specific to the offense charged." Additionally, considering this court's history of finding evidence of prior acts of distribution relevant and admissible on the issue of specific intent, we do not find the probative value of the 1999 PWITD cocaine conviction is substantially outweighed by the danger of unfair prejudice.

A district court's ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion. *Galliano*, 839 So. 2d at 934; *see also State v. Wright*, 11-0141 (La. 12/6/11), 79 So. 3d 309, 316. We find the state sustained its

burden of proving an independent and relevant reason under Article 404(B)(1) for the admission of defendant's 1999 PWITD cocaine conviction, and this evidence is not substantially outweighed by the risk of undue or unfair prejudice to the defendant. Thus, we conclude the district court did not abuse its discretion in ruling this evidence admissible.

It is important to emphasize that we are merely reviewing the district court's ruling on preliminary admissibility of this evidence and ensuring the defendant has received proper notice of the other crimes evidence. The district court's view of the admissibility of this other crimes evidence is always subject to change if any of these relevant considerations change. Thus, should the district court determine during trial that intent is not an issue, or should the state not present sufficient and competent evidence to prove the other crimes, the court may decide to exclude the evidence.

We now turn to the state's amended *Prieur* notice, seeking to introduce evidence of defendant's 1998 and 2005 guilty pleas to possession of cocaine. As with its original *Prieur* notice, the state again attached the relevant police reports as exhibits to its amended notice. However, unlike its handling of the original *Prieur* notice, the district court did not schedule a pre-trial hearing. Rather, at a "ruling date" previously scheduled to address other outstanding motions, the state brought to the court's attention that it had filed an amended *Prieur* notice seeking to introduce two additional prior crimes, asserting the "facts and circumstances of these crimes were nearly identical" to that in its original *Prieur* notice. The district court indicated it was ready to rule on the issue, even though defense counsel pointed out no hearing had been held and specifically requested a hearing to determine the admissibility of this evidence. The district court denied defendant's motion for a hearing, initially indicating it would deny the state's *Prieur* motion. However, after the state objected and argued the additional

19

crimes were similar to the earlier *Prieur* evidence ruled admissible, the court granted the state's *Prieur* motion. The district court again denied defendant's motion to conduct a hearing for the purpose of assessing the admissibility of the additional *Prieur* evidence.

After reviewing the record relative to the court's ruling on the amended *Prieur* notice, we note the district court assumed refusing to conduct a hearing to consider the admissibility of other crimes evidence was within its discretion. However, as we make clear earlier in this opinion, a pre-trial hearing is required before the district court can make such a ruling. Based on our review of the record, the district court allowed the state to give substantive arguments relative to its amended *Prieur* notice at a previously scheduled "ruling date" that was intended to address other issues. Defense counsel stated on the record she had been served in court with the amended *Prieur* notice only two days prior. Defendant had not yet filed a response to the amended *Prieur* notice, no evidentiary hearing was scheduled, and defendant did not have an opportunity to present substantive arguments opposing the state's amended *Prieur* notice prior to the district court's ruling in favor of the state.[10] Further, although the state argues this other crimes evidence was nearly identical to that previously ruled admissible by the district court, we note the 1998 and 2005 convictions appear to consist of guilty pleas to *possession* of cocaine, not PWITD cocaine. While we hold in this opinion that the prior PWITD conviction is particularly relevant to intent in this case, our holding does not necessarily apply to the prior possession convictions. The district court must conduct a hearing to directly address the relevancy issue of the prior possession convictions. We find the district court abused its discretion in refusing to conduct a pre-trial hearing to determine the admissibility of the other crimes

---

[10] Defense counsel provided limited substantive argument for the record following the district court's ruling.

evidence set forth in the state's amended *Prieur* notice. We therefore reverse the district court's ruling allowing the state to introduce the 1998 and 2005 convictions and remand this matter to the district court to conduct a pre-trial hearing consistent with this opinion.

## CONCLUSION

In sum, for other crimes evidence to be admissible, the state must comply with the notice requirement set out in *Prieur*. Additionally, at a pre-trial hearing, the state must provide sufficient evidence to support a finding that the defendant committed the other crime, wrong, or act, and demonstrate that the other act satisfies one of the requirements listed in La. C.E. art. 404(B)(1). The hearing allows the district court to perform its gatekeeping functions of determining the relevancy of the other crimes evidence and balancing its probative value against its prejudicial effect pursuant to Article 403.

For the reasons set forth in this opinion, we find no error in the district court's ruling allowing the state to introduce evidence of defendant's 1999 PWITD cocaine conviction at trial. However, we find the district court abused its discretion in failing to conduct a pre-trial hearing to determine the admissibility of defendant's 1998 and 2005 convictions for possession of cocaine. Therefore, we reverse this ruling of the district court and remand the matter to district court to conduct a pre-trial hearing consistent with the guidelines set forth in this opinion.

## DECREE

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED. ANY REQUEST FOR REHEARING MUST BE RECEIVED BY THIS COURT WITHIN SEVEN DAYS FROM THE ISSUANCE OF THIS OPINION.**

SUPREME COURT OF LOUISIANA

No. 2016-KK-1124

CONSOLIDATED WITH

No. 2016-KK-1183

STATE OF LOUISIANA

VERSUS

JOSEPH TAYLOR

ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT
COURT FOR THE PARISH OF ORLEANS

**CRICHTON, J., additionally concurs and assigns reasons.**

I fully agree with the majority, but write separately to emphasize the critical task faced by trial courts in conducting hearings pursuant to *State v. Prieur*, 277 So.2d 126 (La. 1973) and La. C.E. art. 404(B)(1). "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481 (1895). Any measures undertaken by the state that might diminish this constitutionally protected guarantee merit careful scrutiny and any evidentiary rules that could infringe on this right require careful tailoring. On the other hand, the state cannot have its hands tied—it must be allowed to put forth relevant evidence in service of fully informing the trier of fact so that it might fulfill its duty. *See Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ("Evidence thus has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict. . . . Thus, the

prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault.").

Thus, in *Prieur* hearings, trial courts face the difficult job of balancing the bedrock presumption of innocence with the vindication of the justice system by performing two essential gatekeeping functions: first, the trial court must decide whether the state will be able to provide *sufficient* proof of other acts, and second, the trial court must evaluate the state's motivation in seeking to admit defendant's prior acts. The presumption of innocence requires that the state attempt to only introduce acts that strictly adhere to the legitimate purposes for which other acts evidence may be used. Trial courts should exercise particular diligence in excluding unfairly prejudicial or irrelevant prior acts. In declining to articulate a specific manner in which every *Prieur* hearing must be conducted, this Court correctly leaves the scope of the hearing to the sound discretion of the trial court. Logic and fairness dictate that the extent of the hearing required will depend in large part on what the state seeks to introduce. In my view, trial courts must balance these competing interests according to the dictates of justice and fundamental fairness, which is a task they are well-suited to perform.