ON SUPERVISORY WRIT TO THE COURT OF APPEAL FIRST CIRCUIT, PARISH OF ST. TAMMANY PER CURIAM 11 Writ granted. While this court found in State v. Taylor, 16-1124 (La. 12/1/16), 217 So.3d 283, that testimony is not always required at a hearing held to determine the admissibility of other crimes, wrongs, or acts pursuant to La.C.E. art. 404(B) and State v. Prieur, 277 So.2d 126 (La. 1973), in the present case the nature of the state’s allegations failed to establish that the evidence has substantial relevance independent from showing defendant’s general criminal character and thus proves a material fact at issue or rebuts defendant’s defense. See Taylor, 16-1124, p. 12, 217 So.3d at 292. Although the state alleges the defendant’s earlier fight with a third-party is probative of his motive for the shootings, no link between the two is apparent from the limited information provided by the state. In addition, even if the evidence is deemed relevant, it cannot be determined from the information alleged by the state whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. La.C.E. art. 403. Accordingly, we reverse the trial court’s ruling that the other bad acts evidence will be admissible at trial and we remand for further proceedings. CRICHTON, J., ADDITIONALLY CONCURS AND ASSIGNS REASONS. ON SUPERVISORY WRITS TO THE 22ND JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY