| STATE OF LOUSIANA | * | NO. 2020-K-0086 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| ISAAC FIELDS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 539-714, SECTION "C"
Honorable Benedict J. Willard, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*
(Court composed of Chief Judge James F. McKay, III, Judge Daniel L. Dysart,
Judge Sandra Cabrina Jenkins)


Leon A. Cannizzaro, Jr., District Attorney
Donna Andrieu, Assistant District Attorney
Kyle Daly, Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119


COUNSEL FOR RELATOR/STATE OF LOUISIANA


Nandi F. Campbell
Sarah Chervinsky
NFC Law, LLC
1820 St. Charles Avenue, Suite 212
New Orleans, LA 70130

COUNSEL FOR RESPONDENT/DEFENDANT

**WRIT GRANTED; RELIEF DENIED;
RULING AFFIRMED ON OTHER GROUNDS**


**APRIL 15, 2020**

*SCJ*
*JFM*
*DLD*

The State seeks review of the trial court's January 9, 2020 ruling denying the admission of evidence of three prior crimes under La. C.E. art. 404(B)(1).  Upon review of the State's writ, we find that the trial court erred by denying admission of the evidence of those three prior crimes based on the dismissal or acquittals in each of those cases.  *See State v. Cotton*, 00-0850, p. 11 (La. 1/29/01), 778 So.2d 569, 577-78; *see also State v. Langley*, 95-2029, p. 4 (La. App. 4 Cir. 9/4/96), 780 So.2d 717, 720.  However, based on a review of the evidence of the prior crimes that the State seeks to admit, given the lack of relevant similarity or probative value of the prior crimes in relation to the instant charges, we affirm the trial court's denial of admission of the prior crimes evidence.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 2, 2018, the defendant was charged, in a four-count indictment, with first degree rape and aggravated kidnapping of a victim on September 19, 1999, and first degree rape and aggravated kidnapping of a second victim on January 6, 2001.  The relevant facts contained in the police reports of these crimes are as follows:

1

September 19, 1999: At approximately 11:30p.m., the female victim exited a streetcar and was walking home when an unknown black male approached her, pulled a firearm from his waistband, covered his face with his shirt, and demanded the victim's money. After relinquishing her belongings, the attacker, later identified as the defendant, forced the victim at gunpoint into an alley in the 8000 block of Willow Street, forced her to take off her pants, and attempted penile/anal penetration before vaginally penetrating the victim against her will, until he ejaculated. The defendant then fled the scene and the victim called the police. In 2017, CODIS matched the defendant's DNA to the victim's rape kit.

January 6, 2001: At approximately 11:30p.m., the female victim was attempting to collect stray cats in the 4000 block of Ulloa Street, when an unknown black male approached her as she attempted to get into her vehicle. The attacker, later identified as the defendant, grabbed her from behind and told her not to turn around and that he had a gun. The defendant forcibly took the victim into an alley between two houses, removed her pants, forced her to the ground, and anally penetrated her until he ejaculated. The defendant then fled the scene and the victim drove home and called the police. In 2017, CODIS matched the defendant's DNA to the victim's rape kit.

In proceeding with this case, on October 28, 2019, the State filed a notice of intent to introduce evidence of several prior crimes, pursuant to La. C.E. arts. 404(B) and 412.2. Following a hearing, the district court denied admission of ten prior crimes.[1] The State now seeks review of the district court's ruling only as to three prior crimes.

The State seeks to introduce prior crimes evidence of three armed robberies that occurred in 1997. Defendant was charged under one bill of information with three counts of armed robbery; subsequently, the State dismissed two counts and a jury returned a not guilty verdict on the third count. The relevant facts of these prior charges of armed robbery are as follows:

February 12, 1997: At approximately 6:30p.m., two female victims were walking in the 1900 block of Napoleon Ave. when an unknown black male approached from behind them and demanded the women's

---

[1] The evidence of prior crimes sought to be admitted pursuant to La. C.E. art. 412.2 were ruled inadmissible, and the State does not seek review of that portion of the district court's ruling.

money and property. When one of the victims attempted to turn around, the robber, later identified by one victim in a physical lineup as the defendant, told them not to turn around or he would shoot them. The defendant also demanded the rings that each woman was wearing. After the victims handed over their purses and rings, the defendant fled on foot. Subsequently, on October 21, 1997, one of the victims viewed a 6-person physical lineup and identified the defendant as the robber.

June 27, 1997: At approximately 12:30p.m., a female victim was unloading groceries at her residence in the 1800 block of Milan Street, when an unknown black male approached her, pointed a gun at her throat, and demanded her rings. The victim complied with the demands and the perpetrator fled on foot. On October 21, 1997, the victim viewed a 6-person physical lineup and positively identified the defendant as the robber.

October 1, 1997: At approximately 8:00p.m., a female victim was returning home from the grocery store and entering her residence in the 2200 block of St. Charles Avenue, when a black male approached her, pointed a handgun at her, and demanded her rings. When she resisted, the perpetrator hit her in the face with the gun, forcibly removed her rings, and fled on foot. On October 10, 1997, New Orleans Police officers arrested the defendant in connection with a string of robberies in the Uptown neighborhood. On that same date, the victim contacted the police, stated that she saw a photo of the defendant on the local news broadcast, and she identified him as her robber.

The State argued to the district court that the evidence of these prior crimes is admissible under La. C.E. art. 404(B) as proof of the defendant's modus operandi, considering the manner in which the defendant accosted female victims in the Uptown area, while brandishing a firearm. The defendant opposed the State's argument by noting, first, that the defendant was not convicted of these prior crimes. The defendant also argued that the prior robberies did not occur in the same area as the present crimes, which also did not occur in the same neighborhood as each other. Finally, the defendant asserted that the prior crimes and the presently charged crimes do not present a set of facts so similar as to show a modus operandi.

3

After presenting their arguments, the district court denied admission of the three prior armed robberies, noting that those charges ended either in dismissal or acquittal. The district court also stated, "[i]f you provide me evidence of a dismissal or failure to prosecute it will not be allowed."

The State timely noticed its intent to seek supervisory review of the district court's ruling.

## DISCUSSION

A district court's ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion. *State v. Taylor*, 16-1124, p. 18 (La. 12/1/16), 217 So.3d 283, 296.

The introduction of other crimes evidence is governed by La. C.E. art. 404(B)(1), which provides:

> Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

The Louisiana Supreme Court cautioned in *Taylor*, *supra*, "even when the other crimes evidence is offered for a purpose allowed under Article 404(B)(1), the evidence must have substantial relevance independent from showing defendant's general criminal character and thus is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense." 16-1124, p. 12, 217 So.3d at 292. In offering grounds for the admissibility of other crimes evidence, "the

4

state cannot simply rely on a boilerplate recitation" from La. C.E. art. 404(B)(1). *Id.*

In ruling on the admissibility of the other crimes evidence, the district court must determine the independent relevancy of that evidence to the charges against the defendant. "The district court must also balance the probative value of the other crimes, wrongs, or acts evidence against its prejudicial effects before the evidence can be admitted." *Taylor*, 16-1124, p. 12, 217 So.3d at 292; *citing State v. Henderson*, 12-2422 (La. 1/4/13), 107 So.3d 566, 567-68.

In the present case, the district court denied the admission of the evidence of the three prior robberies because the charges against the defendant in that case resulted in either dismissal or acquittal. However, as held by the Louisiana Supreme Court in *State v. Cotton*, 00-0850, p. 11 (La. 1/29/01), 778 So.2d 569, 578, "the fact of a prior acquittal does not automatically prevent the State from introducing in a subsequent trial, under [La. C.E. art.] 404(B), evidence of a defendant's prior acts for which he was acquitted if the required standard of proof of the prior act is less than that required for conviction." The Court then clarified, in *Taylor*, the State's burden of proof for admissibility of other crimes evidence holding that the State "need only make a showing of sufficient evidence to support a finding that the defendant committed the other crime, wrong, or act." *Taylor*, 16-1124, p. 10, 217 So.3d at 291. In accordance with this jurisprudence, we find that the district court legally erred in denying the admission of the prior crimes evidence based solely on dismissal or acquittal of the charges.

However, upon review of the evidence offered by the State, we find the State has failed to establish a substantial relevance independent from showing defendant's general criminal character, as required by La. C.E. art. 404(B)(1). The

5

prior crimes evidence that the State seeks to admit are notably dissimilar to the charged crimes and, unlike the charged crimes, there is no physical evidence linking the defendant to those other crimes. Notably, none of the prior crimes involve allegations of sexual abuse or kidnapping. In addition, the prior crimes were linked by the police to a string of robberies that took place in 1997, in a particular area of the Uptown neighborhood; but, the charged crimes took place two or more years later, in two different neighborhoods, both miles apart from the prior crimes. Finally, in consideration that the current charged crimes rely on DNA evidence, but the prior crimes relied solely on eyewitness accounts, we find that the probative value of the prior crimes evidence is substantially outweighed by its potential prejudicial effect. *See* La. C.E. art. 403.

Thus, while we find that the district court erred in denying admission of the prior crimes evidence of the three robberies because of the dismissal or acquittal of those charges, based upon our review of the evidence of those prior crimes, we find that the evidence is still not admissible under La. C.E. arts. 403 and 404(B).

## DECREE

For the foregoing reasons, we grant the State's writ, but we deny the relief sought. The trial court's ruling, denying the admission of the other crimes evidence at issue in this writ, is affirmed.

**WRIT GRANTED; RELIEF DENIED;
RULING AFFIRMED ON OTHER GROUNDS**