# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ANTONIO D. DUMAS

NO. 2022 KW 1046

**NOVEMBER 29, 2022**

---

In Re:   State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. DC-21-04543.

---

**BEFORE:   WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.**

**WRIT GRANTED.**  Prior incidents of abusive behavior against dating partners are admissible without the necessity of a hearing under La. Code Evid. art. 412.4.  See **State v. Mayeux,** 2019-00369 (La. 1/29/20), 2020 WL 508655, cert. granted, judgment vacated on other grounds, **Mayeux v. Louisiana,** 590 U.S. ___, 141 S.Ct. 225, 208 L.Ed.2d 1 (2020).  See also **State v. Piper,** 2018-1796 (La. App. 1st Cir. 9/27/19), 287 So.3d 13.  The prior incidents of domestic abuse by the defendant against the victim fit squarely within the confines of Article 412.4 and are independently relevant to establish the defendant's violent proclivities and the volatile nature of his relationship with the victim.  Further, these prior incidents of domestic abuse are independently relevant, not to prove defendant's bad character; but rather to show, among other purposes, motive, intent, and opportunity.  See La. Code Evid. art. 404(B); **State v. Taylor,** 2016-1124, 2016-1183, (La. 12/1/16), 217 So.3d 283, 288-91. Thus, the probative value of the evidence outweighs the danger of unfair prejudice.  Accordingly, the district court abused its discretion when it determined that the incidents of domestic abuse involving the defendant and the victim are inadmissible.  Accordingly, the district court's decision is reversed and this matter is remanded for further proceedings in accordance with this court's ruling.

**VGW**
**JMG**
**EW**

COURT OF APPEAL, FIRST CIRCUIT

*α.SₙΘ*

---
DEPUTY CLERK OF COURT
FOR THE COURT