STATE OF LOUISIANA                          NO. 24-K-368

VERSUS                                      FIFTH CIRCUIT

DAVEON GILMORE                              COURT OF APPEAL

                                            STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

                    August 15, 2024

                    Linda Wiseman
                    First Deputy Clerk

**IN RE** DAVEON GILMORE

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE R. CHRISTOPHER COX, III, DIVISION "B", NUMBER 22-2656

---

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel


## WRIT GRANTED IN PART AND DENIED IN PART

Relator/Defendant, Daveon Gilmore, seeks supervisory review of the trial court's July 11, 2024 ruling, which granted the State's La. C.E. art. 404(B) motion.[1]  In his application, relator also seeks a stay of the trial, currently set for August 19, 2024.

## BACKGROUND

On June 16, 2022, a Jefferson Parish Grand Jury returned a true bill of indictment charging relator with the second-degree murder of Ahmad Howard in violation of La. R.S. 14:30.1, that occurred on or about February 21, 2022.  Also charged in the bill of indictment with second degree murder are Orlando Washington and Daveon Gilmore.

The State filed notice of its intent, which seeks to introduce at trial three YouTube videos, text messages and a photograph as *res gestae* and/or La. C.E. art. 404(B) evidence to establish defendant's association with a gang known as the "Betty Street Youngins" (BSY) a/k/a "Drizzy Block."  This evidence, the State

---

[1] La. C. E. art. 404 provides in pertinent part:
B. Other crimes, wrongs, or acts; creative or artistic expression. (1)(a) Except as provided in Article 412 or as otherwise provided by law, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

1

argues, is necessary to establish Ahmad Howard was killed in a gang retaliation murder. A USB storage device containing three YouTube videos and a still photo of defendants, Daveon Gilmore and Orlando Washington, was filed as a supplement to the writ.

After a hearing on July 11, 2024, the trial court ruled the evidence admissible at trial. In its ruling on the record, the trial court articulated its findings supporting the evidence to be admissible as *res gestae* as follows: (1) the evidence is so closely connected with the alleged criminal conduct that it constitutes *res gestae*, or part of the things done; (2) the evidence is admissible for narrative completeness, without which the State's case would lose its completeness, without which the State's case would lose its cohesiveness; and (3) the evidence completes the story by providing context to the events in question.

The trial court also determined that the evidence is admissible under La. C.E. art. 404(B). As the trial court pointed out, La. C.E. 404(B) allows for introduction of evidence to establish motive, intent, preparation, plan, knowledge, and identity. In its balancing analysis under La. C.E. art. 403, the trial court found the evidence the State seeks to introduce to be relevant and that its probative value is not outweighed by the danger of unfair prejudice to Misters Gilmore, Gilmore, and Washington, stating: "[o]f course the evidence will be prejudicial to the defendants, however, I find that it will not be unduly or unfairly prejudicial to them." This timely writ application followed.

In his writ application, relator argues the trial court's granting of the State's motion to introduce the rap videos was an abuse of its discretion. Relator avers the State intends to argue that the murder of Mr. Howard was in retaliation for the murder of Jamarian Price, a BSY member, who was killed nine days earlier. He contends that the evidence is not *res gestae* evidence and does not satisfy admission under La. C.E. art. 404(B). The focus of relator's argument is that State's evidence fails to establish his association with BSY and its introduction will be unfairly prejudicial. Relator does not appear to challenge the court's ruling admitting the text messages or photograph.

Submitted with relator's writ application is a USB storage drive containing three audio-video recordings published to You Tube and a still photograph of two individuals, identified as Daveon Gilmore and Orlando Washington. The first video is entitled "BSY GIRLS – Betty Talk," which primarily depicts four young females wearing "BSY" chain pendants performing a rap with the chorus 'reppin on Betty Street.' The second video is entitled "TShots x Young3Boy x Denoy" and depicts a group of young males rapping while brandishing firearms. Included in the video is the image of a young man wearing a white suit with a blue bow tie on a cardboard cutout. The third video, entitled "ProjectBabyRuga x Kayy Banga," depicts a group of young males rapping inside of a residence. The lyrics of the rap ostensibly describe the act of a drive by shooting. The still photograph on the USB storage device depicts two young males appearing to display symbolic hand gestures.

On appellate review, the trial court's determination on the admissibility of evidence will not be overturned absent an abuse of discretion. *State v. Brown*, 17-348 (La. App. 5 Cir. 12/20/17), 235 So.3d 1314, 1324, *writ denied*, 18-158 (La. 11/5/18), 256 So.3d 276. Relator presents three arguments in support of his contention that the trial court abused its discretion − (1) the State failed to

authenticate the audio-video recordings; (2) the rap videos are not *res gestae* evidence because they fail to show an integral act of the offense; and (3) the videos are not evidence of other crimes.

In a pre-trial hearing under La. C.E. art. 404(B)(1), the state is required to make a showing of sufficient evidence that the defendant committed the other crime, wrong, or act. *State v. Taylor,* 16-1124 (La. 12/1/16), 217 So.3d 283, 297. In this case, relator argued that the rap videos had not been authenticated and were posted years before the indicted murder charges; do not connect relator to the supposed retaliation shooting; and may result in the jury considering relator responsible for the charged murder merely by association. But as noted by the Louisiana Supreme Court, "the rules of evidence are relaxed in a pre-trial hearing to determine what evidence may be offered at trial." *Id* at 294. This ruling does not, however, relieve the State from its requirement to meet the rules of evidence for introduction of such evidence at trial. *Id.* "[T]he state will obviously be required to adhere to the rules of evidence when presenting evidence of the [404(B) incident] at trial. Should the state not properly present competent evidence at trial, the trial court may exclude the other crimes evidence at that time." *Id.* at 294.

Thus, upon review for sufficiency of the evidence, we do not find the trial court's order of July 22, 2024 related to videos 2 & 3 was an abuse of discretion. We do, however, find that the trial court erred when it ruled that the State had made a sufficient showing as it relates to video 1. Video 1 depicts four young females, none of whom are the defendants or identified by the State as potential witnesses.

We further find that the trial court did not abuse its discretion by ruling the evidence admissible under *res gestae* and 404(B). The State argues that this evidence is critical to its theme of the case that the subject murder was gang related and retaliatory. And the trial court is in the best position to weigh this video evidence in light of all other evidence.

Therefore, we grant the writ application in part and deny it in part. We also deny the request for stay.

Gretna, Louisiana, this 15th day of August, 2024.

**TSM**
**SUS**

3

STATE OF LOUISIANA                    NO. 24-K-368

VERSUS                                FIFTH CIRCUIT

DAVEON GILMORE                        COURT OF APPEAL

                                      STATE OF LOUISIANA

**JOHNSON, J., DISSENTS, IN PART, WITH REASONS**

I, respectfully, dissent in part from the majority disposition on whether the trial court erred in granting the State's notice of intent to introduce the YouTube music videos and photograph as *res gestae* and/or La. C.E. art. 404(B) evidence to establish Defendant's, Daveon Gilmore, association with an alleged gang.

The State intends to introduce the videos and photograph as evidence that the second degree murder of Ahmad Howard was a gang-related and in retaliation for the killing of Jamarian Price that occurred nine days earlier. In order for other crimes evidence to be admitted under La. C.E. art(B)(1), one of the factors enumerated in the article must be at issue, have some independent relevance, or be an element of the crime charged. *State v. Garcie*, 17-609 (La. App. 5 Cir. 4/11/18), 242 So.3d 1279, 1284. Moreover, the probative value of the extraneous evidence must outweigh the prejudicial effect. *Id.*

Here, the State failed to authenticate the evidence by establishing the dates any of the videos were created and identifying the people and/or images in the videos. The State simply presented a photo and people in music videos brandishing guns and rapping lyrics, which do not directly relate Defendant's alleged involvement in Mr. Howard's murder. Additionally, the State failed to sufficiently show that the videos and photo are *res gestae* evidence or have substantial relevance independent from showing Defendant's general criminal character. Without further support from the State, the introduction of any of the

1

videos and the photo will be highly prejudicial to Defendant and the resulting prejudice will vastly outweigh the probative value of the evidence.

Therefore, because of the State's lack of supporting evidence for its position, I would grant the writ application and reverse the trial court's granting of the State's notice of intent to introduce the YouTube videos and photograph.

**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/15/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-368**

### E-NOTIFIED
24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Mark D. Plaisance (Relator)          Thomas J. Butler (Respondent)

### MAILED
Remy V. Starns (Relator)         Chad Rice (Relator)              Marcus J. Plaisance (Relator)
Attorney at Law                  Attorney at Law                 Attorney at Law
301 Main Street                  848 Second Street               Post Office Box 1123
Suite 700                        3rd Floor                       Prairieville, LA 70769
Baton Rouge, LA 70825            Gretna, LA 70053

Rachel L. Africk (Respondent)
Assistant District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053