| STATE OF LOUISIANA | NO. 24-K-368 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| DAVEON GILMORE | COURT OF APPEAL |
| | STATE OF LOUISIANA |

August 16, 2024

Susan Buchholz
Chief Deputy Clerk

## ON APPLICATION FOR REHEARING

Panel composed of Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**REHEARING GRANTED;**
**AUGUST 15, 2024 RULING VACATED AS TO VIDEO 1;**
**WRIT DENIED.**
> **TSM**
> **SUS**

**DISSENTS WITH REASONS**

> **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

## REHEARING GRANTED

On August 15, 2024, we granted in part and denied in part the writ application of relator-defendant Daveon Gilmore concerning the admissibility of three audio-video recordings published to YouTube under La. C.E. 404(B) and as *res gestae* evidence. Our decision denied relator's application as to two audio-video recordings, which are identified therein as Video 2 and Video 3. However, as to Video 1, we found the trial court abused its discretion in finding the State failed to satisfy its burden for demonstrating that audio-visual recording satisfied *res gestae* and/or 404(B) admissibility requirements.

The State has timely filed an application for rehearing pursuant to Rule 4-9 of the Uniform Rules of Louisiana Courts of Appeal on the granting of relator's writ concerning the admissibility of Video 1 at trial. Relator, along with two co-defendants Davon Gilmore and Orlando Washington, are charged by bill of indictment with the second-degree murder of Ahmad Howard. The State avers that Mr. Howard was murdered in retaliation for the killing of a "Betty Street Youngins" (BSY) gang member nine days before. It argues the three audio-video recordings are relevant to prove relator and the co-defendants are BSY members. Relator opposes the admissibility of the audio-video recordings, arguing the State failed to authenticate the audio-video recordings in the pre-trial hearing, the videos recordings are not res gestae evidence because they do not show an integral act of the offense, and the videos are not evidence of other crimes.

In support of its request for rehearing, the State asserts Video 1 contains depictions of relator and a co-defendant making hand signs which it contends are "gang signs" attributable to the BSY. The contents of Video 1 are primarily a rap performance by four young women. However, there are young males who appear for brief moments in that audio-visual recording.

The trial court ruled all three videos are admissible as *res gestae* evidence as well as under La. C.E. 404(B). In its reasons on the record, the trial court found the evidence to be closely connected with the alleged criminal conduct that it constitutes res gestae, or part of the things done, that the evidence provides context to the events in question, and completes the State's intended evidence narrative. In its balancing test under La. C.E. 403, the trial court concluded that defendant's "gang affiliation" would be relevant and admissible to show defendants motive, intent, preparation, plan, knowledge, and identity, and that probative value outweighs the danger of unfair prejudice.

In our original disposition, we found the trial court did not abuse its discretion in ruling Video 2 and Video 3 to be admissible at trial as 404(B) and *res gestae* evidence. However, we pointed out the trial court may nonetheless exclude introduction of that evidence from trial should the State fail to satisfy all other applicable rules of evidence. *See: State v. Taylor*, 16-1124 (La. 12/1/16), 217 So.3d 283. The trial court's finding of Video 1's admissibility as res gestae evidence and as evidence of motive, intent, preparation, plan, knowledge and identity was compromised by the lack of apparent connection between Video 1 and relator and his co-defendants. Considering the State's representation in its application for rehearing that Video 1 depicts relator and a co-defendant, and the State's obligation to adhere to the rules of evidence in its offer of 404(B) and *res*

1

*gestae* evidence at trial, we vacate our August 15, 2024 ruling to the extent that it granted relator's relief as to Video 1, and deny the writ.

**REHEARING GRANTED;
AUGUST 15, 2024 RULING
VACATED AS TO VIDEO 1;
WRIT DENIED**

STATE OF LOUISIANA          NO. 24-K-368

VERSUS          FIFTH CIRCUIT

DAVEON GILMORE          COURT OF APPEAL

         STATE OF LOUISIANA

**JOHNSON, J., DISSENTS WITH REASONS**

I, respectfully, dissent from the majority's decision to grant the State's rehearing application and reverse the ruling on admission of the "BSY GIRLS – Betty Talk" YouTube video. As I stated in my dissent for the original disposition, the State failed to authenticate the evidence by establishing the dates any of the videos were created and identifying the people and/or images in the videos. The State simply presented a photo and people in music videos brandishing guns and rapping lyrics, which do not directly relate Defendant's alleged involvement in Mr. Howard's murder. Additionally, the State failed to sufficiently show that the videos and photo are *res gestae* evidence or have substantial relevance independent from showing Defendant's general criminal character. Without further support from the State, the introduction of any of the videos and the photo will be highly prejudicial to Defendant and the resulting prejudice will vastly outweigh the probative value of the evidence.

Therefore, because of the State's lack of supporting evidence actually submitted to the trial court, I would deny the State's application for rehearing.

1

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/16/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-368**

### E-NOTIFIED
24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Mark D. Plaisance (Relator)                    Thomas J. Butler (Respondent)

### MAILED
Remy V. Starns (Relator)              Chad Rice (Relator)              Marcus J. Plaisance (Relator)
Attorney at Law                        Attorney at Law                  Attorney at Law
301 Main Street                        848 Second Street                Post Office Box 1123
Suite 700                              3rd Floor                        Prairieville, LA 70769
Baton Rouge, LA 70825                  Gretna, LA 70053

Rachel L. Africk (Respondent)
Assistant District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053