PER CURIAM.
 

 | jTIie introduction of evidence of unadju-dicated juvenile offenses is allowed under both C.E. arts. 404(B) and 412.2. Whether the introduction of such offenses is allowed, however, is controlled by C.E. art. 403, which reads:
 

 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
 

 Here, the trial judge found that, although defendant’s prior unadjudicated act of attempted forcible rape, committed when he was fifteen years of age, would be highly probative in defendant’s present trial of forcible rape by revealing defendant’s modus operandi and lustful disposition, introduction of the evidence would be barred because of its prejudicial nature. The judge said:
 

 [I]t is a featherweight balancing test for me, because I find the information to be highly probative. And I also think it’s highly prejudicial. And so if I find both of them to be equal, then which one tips over? And I think it’s the prejudicial effect that I have to lean towards.
 

 
 *789
 
 | ¡^Article 403, though, does not allow for the exclusion of relevant evidence if its probative value is equal to its prejudice. Instead, the evidence of defendant’s prior unadjudicated act of forcible rape should have been ruled inadmissible only if “its probative value is
 
 substantially outweighed
 
 by the danger of unfair prejudice.” Therefore, the trial judge abused her discretion by barring introduction of defendant’s prior unadjudicated juvenile act of attempted forcible rape.
 

 The court’s ruling barring introduction of the alleged victim’s testimony as to the unadjudicated offense is reversed.
 

 REVERSED.