# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 24-650


**STATE OF LOUISIANA**

**VERSUS**

**SEAN PATRICK GREENE**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2732-23
HONORABLE ROBERT WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## LEDRICKA J. THIERRY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Ledricka J. Thierry, and Guy E. Bradberry, Judges.



**AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT**
    **Sean Patrick Greene**

**Steven C. Dwight**
**District Attorney**
**John Eric Turner**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE**
    **State of Louisiana**

**THIERRY, Judge.**

Defendant, Sean Patrick Greene, was convicted of two counts of armed robbery/armed robbery with a firearm, in violation of La.R.S. 14:64 and La.R.S. 14:64.3. In total, he was sentenced to thirty-five years for both convictions. Defendant appeals both the convictions and sentences. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 28, 2022, an armed robbery occurred at a Subway restaurant in Lake Charles, Louisiana. On December 5, 2022, another armed robbery occurred in Lake Charles, Louisiana—this time at a Boost Mobile store. Workers from both stores testified that an individual came into the store, pointed a firearm at the workers, and demanded money. Additionally, the individual stole multiple high-end cell phones from the Boost Mobile store. A surgical mask matching the one worn by the perpetrator was recovered from outside the Subway store and contained DNA that matched Defendant's DNA. Defendant was arrested. Following Defendant's arrest, a search warrant was executed on his residence, and clothes matching those worn by the suspect in the two robberies were located, as well as a firearm with a laser attachment, five cell phones which were identified as having been stolen from the Boost Mobile store, and a pair of shoes which matched footprints left on the counter of the Subway restaurant.

On January 30, 2023, Defendant was charged by bill of information with three counts of armed robbery with a firearm, in violation of La.R.S. 14:64.3. The three counts were all related to different stores that were robbed between November 28, 2022, and December 9, 2022. An amended bill of information was filed May 8, 2023, changing the victims of the robberies from the stores to the individuals working at

the time of the robberies. On January 5, 2024, a second amended bill of information was filed, changing the victims back to the stores and charging Defendant with armed robbery and armed robbery with a firearm on each count, in violation of La.R.S. 14:64 and 14:64.3. Prior to trial, the State opted to sever count three and only tried Defendant on the first two counts.

On April 1, 2024, the State filed a "Notice of Intent to Offer Evidence of Defendant's Other Crimes, Wrongs, or Acts under Louisiana Code of Evidence Article 404(B)(1)." Specifically, the State sought to introduce documents related to a pair of armed robberies committed in Texas in July 2021 for which Defendant was adjudicated as a juvenile and placed on probation, which was still in effect at the time of the robberies charged in the instant case. Prior to trial on April 15, 2024, a hearing was held on the State's notice. Defense counsel objected to the introduction of evidence regarding Defendant's juvenile adjudications as being overly prejudicial. The State's response was that it was aware Defendant's juvenile adjudications could not be used for sentencing enhancement but contended "there is no law that precludes those adjudications being used in a 404(b) evidence situation." The trial court ultimately allowed the evidence.

During trial, the State introduced a surveillance video related to one of the Texas robberies. Prior to its introduction, defense counsel objected on the grounds that the video was cumulative and the witness through whom it was introduced, Detective Juan Olivarez, could provide testimony as to what happened during the robbery without having to show the video. After watching the video outside the presence of the jury, the trial court allowed the video, noting that although it was prejudicial, the prejudice did not outweigh the probative value.

2

Following trial, a unanimous jury found Defendant guilty as charged on the two counts of armed robbery with a firearm. On June 14, 2024, the trial court sentenced Defendant as follows, "I am going to sentence you on each count to 20 years Department of Corrections, plus five years because of the use of a firearm, all without benefit of probation, parole, or suspension of sentence. Ten years of each are consecutive." The court later clarified that its intent was for Defendant to serve thirty-five years total. On July 12, 2024, Defendant filed a "Motion to Reconsider Sentence," alleging that his sentences were excessive based upon his age. On July 25, 2024, the trial court denied the motion in open court. Defendant now appeals his convictions and sentences.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENTS OF ERROR

Defendant alleges two assignments of error on appeal:

1. It is fundamentally unfair and a denial of due process to utilize non-criminal juvenile adjudications as 404B or "other crimes" evidence. The trial court erred in allowing the state to present to the jury an overwhelming amount of "other crimes" evidence of two juvenile adjudications, including a video purporting to show Sean Greene committing an offense in Texas when he was 16 years old. This evidence was highly prejudicial, far outweighing its probative value, in violation of Louisiana Constitution Article I, Section 16 and U.S. Constitution, Amend. 5 and 14.

2. The trial court erred in sentencing Sean Greene to serve 25 years on each count of armed robbery, with a firearm, considering his youth and potential for rehabilitation.

3

**ASSIGNMENT OF ERROR NUMBER ONE:**

In his first assignment of error, Defendant contends he is entitled to a new trial because it was "fundamentally unfair and a denial of due process" for the trial court to allow the State to utilize evidence as "other crimes evidence," when they related to crimes committed by Defendant when he was sixteen and living in Texas. Specifically, Defendant objects to the fact the State introduced his prior juvenile adjudications for armed robbery as well as a security video which law enforcement in Texas published to YouTube in order to assist in identifying the perpetrator in one of the robberies Defendant confessed to committing.

The issue in this assignment of error is seemingly simple: can evidence of Defendant's juvenile past be used against him in an adult criminal trial? Complicating the issue is the fact that Defendant, although charged as an adult, was still a juvenile at the time of the instant armed robberies. Admissibility of the evidence at issue—Defendant's two juvenile adjudications in Texas for armed robbery, including a video showing Defendant committing one of said robberies— is governed by La.Code Evid. art. 404(B)(1)(a), which states that:

> Except as provided in Article 412 or as otherwise provided by law, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

Defendant's argument is that it is fundamentally unfair to use juvenile adjudications as 404(B) evidence because juvenile adjudications lack the procedural safeguards afforded to criminal defendants in adult court. If La.Code Evid. art.

404(B) only applied to criminal convictions, Defendant's argument would have merit, and he would be entitled to a new trial. *See State v. Jackson*, 608 So.2d 949, 956 (La.1992) ("there are . . . policy reasons for not equating an adjudication of delinquency in juvenile court to a conviction of a crime in district court."). However, that is not the case here. As previously noted by the fifth circuit, "it is not necessary for the defendant to have been charged, prosecuted, or convicted of the described 'other acts'" in order for the evidence to be admissible under La.Code Evid. art. 404(B). *State v. Breaux*, 22-581, p. 11 (La.App. 5 Cir. 5/10/23), 366 So.3d 727, 736.

In *State v. Nguyen*, 04-321 (La.App. 5 Cir. 9/28/04), 888 So.2d 900, *writ denied*, 05-220 (La. 4/29/05), 901 So.2d 1064, the fifth circuit addressed the issue of whether juvenile adjudications for attempted second degree murder and aggravated assault with a firearm could be admissible "other crimes" evidence in an adult criminal trial for attempted second degree murder. Although the court ultimately held the evidence was inadmissible, that finding was predicated on the court's determination that the juvenile crimes did not actually meet the requirements of La.Code Evid. art. 404(B). In short, the court found the only purpose of the evidence was to serve as inadmissible character evidence. The analysis, however, clearly shows that evidence of juvenile crimes or adjudications may be admissible under La.Code Evid. art. 404(B).

Furthermore, in *State v. George*, 11-325, p. 1 (La. 2/23/11), 55 So.3d 788, 788, the supreme court explicitly stated, "The introduction of evidence of unadjudicated juvenile offenses is allowed under both C.E. arts. 404(B) and 412.2. Whether the introduction of such offenses is allowed, however, is controlled by C.E. art. 403." If evidence of an unadjudicated juvenile offense is admissible, there is no

5

logical or jurisprudential argument for the exclusion of adjudicated juvenile offenses under La.Code Evid. art. 404(B).

Unsurprisingly, Defendant's argument is based not on cases where juvenile adjudications were used as 404(B) evidence, but rather on *In re C.B.*, 97-2783 (La. 3/4/98), 708 So.2d 391, a case in which the supreme court declared La.R.S. 15:902.1 unconstitutional because it allowed juveniles who were adjudicated to be transferred to adult correctional facilities once they attained the age of full criminal responsibility and allowed them to be subjected to hard labor without a criminal trial. The court held that, because juvenile court lacks the procedural safeguards present in a criminal proceeding, specifically the right to a trial by jury, they could not be considered equivalent to an adult criminal conviction. Additionally, Defendant notes the supreme court in *State v. Brown*, 03-2788 (La. 7/6/04), 879 So.2d 1276, *cert. denied*, 543 U.S. 1177, 125 S.Ct. 1310 (2005), found that juvenile adjudications could not be used as a predicate offense for the purpose of sentencing enhancements.

Furthermore, both *C.B.* and *Brown* were cases in which juvenile adjudications were treated as equivalent to a conviction and the rulings hinged on the due process differences between a criminal trial and a juvenile adjudication. Under La.Code Evid. art. 404(B), however, there is no requirement that an individual be charged with the crime or other bad act, much less convicted. Given the prior discussion of *Nguyen* and *George*, it is clear La.Code Evid. art. 404(B) allows the introduction of juvenile other crimes evidence in an adult trial, subject to La.Code Evid. art. 403.

In *State v. Taylor*, 16-1124, p. 18 (La. 12/1/16), 217 So.3d 283, 296, the supreme court held that "[a] district court's ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion." Additionally, the *Taylor* court noted that "[t]he state is simply required to make some showing of

6

sufficient evidence to support a finding that defendant committed the other act." *Id.* at 292. Finally, the court stated:

> Moreover, even when the other crimes evidence is offered for a purpose allowed under Article 404(B)(1), the evidence must have substantial relevance independent from showing defendant's general criminal character and thus is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense. [*State v.*] *Altenberger*, [13-2518, pp. 7–8 (La. 4/11/14),] 139 So.3d [510] at 515; [*State v.*] *Rose*, [06-402, p. 12 (La. 2/22/07),] 949 So.2d [1236] at 1243. Accordingly, the state cannot simply rely on a boilerplate recitation of the grounds for admissibility stated in La. C.E. art. 404(B). It is the duty of the district court in its gatekeeping function to determine the independent relevancy of this evidence. *Altenberger*, 139 So.3d at 515; [*State v.*] *Garcia*, [09-1578, pp. 54–55 (La. 11/16/12),] 108 So.3d [1] at 39[, *cert. denied*, 570 U.S. 926, 133 S.Ct. 2863 (2013)]. The district court must also balance the probative value of the other crimes, wrongs or acts evidence against its prejudicial effects before the evidence can be admitted.

*Id.* (last citation omitted).

In its initial "Notice of Intent to Offer Evidence of Defendant's Other Crimes, Wrongs, or Acts under Louisiana Code of Evidence Article 404(B)(1)," the State contended the other crimes evidence was relevant as it tended to prove Defendant's intent to permanently deprive the victims of property, and it established Defendant's identity and his "planning and preparation," as well as "his 'repetitive behavior in similar circumstances.'" Of particular importance in the instant case is the ability of the other crimes evidence to establish Defendant's identity and system, which the State described as his "repetitive behavior" and the trial court called a "common, kind of, thread of modus operandi."

Testimony at trial established that Defendant became a suspect after a mask discovered near the scene of the Subway robbery contained DNA which matched Defendant's. The fact that Defendant had prior juvenile adjudications for robberies was used to explain why Defendant's DNA was in the database for law enforcement

7

to obtain the match. Additionally, Defendant was arrested after his probation officer did a home visit to confirm he was present before the execution of the arrest warrant; the juvenile adjudications established why he was on probation. Finally, with regard to the video of the Houston robbery, it showed Defendant, identified by Detective Olivarez, committing an armed robbery in a nearly identical fashion to the surveillance footage of the instant offenses, as evidenced by the trial court's comment that "whoever did those two robberies that we've seen so far, it sure looks awful similar."[1] As noted in *Taylor*, the State need only provide sufficient evidence that Defendant, in fact, committed the other crimes or bad acts. There has been no claim that Defendant was not the individual in either the video or who was adjudicated for the robberies. Additionally, Defendant did not wear a mask in the video from Texas, thus allowing him to be identified. Finally, the evidence shows Defendant's system or modus operandi of committing armed robberies. Thus, the evidence at issue was admissible under La. Code Evid. Art. 404(B).

The inquiry does not end there, however. While Defendant does not contest the evidence in question is relevant, he does contend that it should not have been admissible under La.Code Evid. art. 403, which states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." According to Defendant, "[t]he introduction of juvenile adjudications violated his presumption of innocence, denied him due process and the right to a fair trial. The overwhelming other crimes evidence was unnecessary and highly prejudicial."

---

[1]This statement was made outside the presence of the jury.

Defendant's argument as to the prejudicial effect is essentially that because the Texas offenses were titled "[a]ggravated robbery, displaying weapon, serious bodily injury," they "suggest[ed] physical injury, which did not occur at Subway or Boost Mobile." The facts presented at Defendant's adjudication, introduced at the instant trial through his juvenile probation officer, Mr. Ronald Gilchrist, was that in both charges Defendant "did then and there use and exhibit a deadly weapon to wit a firearm." Neither description says anything about Defendant actually harming anyone. Additionally, exhibiting a weapon is exactly what Defendant did in the instant robberies, with the victims of the instant robberies testifying Defendant pointed a gun directly at them during the robberies.

As for the video of Defendant committing an armed robbery, Defendant contends "[t]he video from Texas showing a robber with no mask, and identified by the detective, undoubtedly confused the jury depriving Sean Greene of the presumption of innocence and a fair trial. In the initial 404 B hearing, the court expressed concern over that very issue." There is no evidence to indicate the video confused the jury, despite Defendant's conclusory statement to the contrary.

Additionally, "Harris County" was mentioned multiple times during the testimony of Detective Olivarez. As noted by Defendant, the video showed Defendant without a mask, whereas he was wearing a mask in both of the surveillance videos from the instant robberies at Subway and Boost Mobile. Detective Olivarez noted the Red Roof Inn robbery occurred in July 2021, whereas the victims of the instant offenses testified that the Subway robbery occurred on November 28, 2022, in Lake Charles, Louisiana, and the Boost Mobile robbery took place in Lake Charles, Louisiana, on December 5, 2022.

9

Finally, the following instruction given by the trial court prior to jury deliberations:

> Evidence that the Defendant was involved in the commission of an offense other than the offenses for which he is on trial is to be considered only for a limited purpose. The sole purpose for which such evidence may be considered is whether it tends to show intent, identification, or method of operation.

> Remember the accused is on trial only for the offenses charged. You may not find him guilty of these offenses merely because he may have committed another offense.

We find there is no evidence to support Defendant's claim that the video "undoubtedly confused the jury." The video at issue showed Defendant committing an armed robbery in a strikingly similar pattern to the armed robberies for which he was tried; however, it was made clear prior to the video being published that the video showed a robbery in a different state more than a year earlier, alleviating the possibility of confusion. Additionally, the trial court specifically instructed the jury on other crimes evidence. In light of all of the above, we cannot say the trial court abused its discretion in allowing Defendant's juvenile adjudications for armed robbery, as well as the video of one of those armed robberies, to be presented under La.Code Evid. art. 404(B). This assignment of error lacks merit.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In his second assignment of error, Defendant contends "[t]he trial court erred in sentencing [Defendant] to serve 25 years on each count of armed robbery, with a firearm, considering his youth and potential for rehabilitation." As previously noted, Defendant filed a "Motion to Reconsider Sentence" on July 12, 2024, in which he contended that his sentences were excessive because of his age, noting he was seventeen at the time of the offenses and nineteen at the time of conviction. The trial court denied the motion two weeks later. Louisiana Code of Criminal Procedure

10

Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Our court has explained the following guidelines with regard to excessive sentence review:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. On appeal, the court "should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes." *State v. Soileau*, 13-770, 13-771, p. 5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

11

With regard to the nature of the crimes, we note that Defendant was convicted of two counts of armed robbery with a firearm, in violation of La.R.S. 14:64 and 14:64.3. Each count carried a sentencing range of ten to ninety-nine years at hard labor with an additional five years to run consecutively for the firearm enhancement. As a crime of violence under La.R.S. 14:2, armed robbery carries a high propensity for injury, particularly when a firearm is wielded against the victims, as it was here.

With regard to the background and nature of the offender, Defendant's trial counsel noted at sentencing that Defendant, who was then nineteen, dropped out of school in the eighth grade (although he obtained a GED in juvenile detention in Texas), and did not remember the last time he saw his father. Furthermore, his mother had been in prison "for as long as really Mr. Greene can remember." As previously noted, Defendant was adjudicated delinquent in Texas for two counts of armed robbery, robberies which occurred less than eighteen months before the instant offenses. Additionally, the State called a witness at sentencing to describe the investigation into a third robbery charge Defendant still had outstanding and which occurred in the same area as the Subway and Boost Mobile robberies at issue.

Finally, this court frequently looks to the sentences imposed in similar cases for comparison. In *State v. Jones*, 17-88 (La.App. 3 Cir. 10/18/17), 229 So.3d 1002, *writ denied*, 17-1905 (La. 6/1/18), 243 So.3d 1064, the twenty-three-year-old defendant was convicted of four counts of armed robbery with a firearm, all arising out of an armed robbery of the Royal Palace Casino in Lake Charles, Louisiana. Although the defendant in that case had a prior felony conviction, this court affirmed sentences of fifty-five, thirty, twenty-five, and fifty-five years, all to run consecutively for a total of 165 years at hard labor. Furthermore, in *State v. Smith*, 01-2574, p. 7 (La. 1/14/03), 839 So.2d 1, 4, the supreme court reinstated a forty-year

sentence for armed robbery while noting the "sentence is within the thirty-five to fifty-year range this Court has found acceptable for first offenders convicted of armed robbery."

While Defendant contends he should receive leniency in light of his youthfulness and poor upbringing, each twenty-five-year sentence, which includes the five-year enhancement, is below the thirty-five-year sentence mentioned in *Smith*. Additionally, Defendant's total incarceration period is the minimum set out for a first offender in *Smith*, which did not factor in an enhancement. In light of the above, we cannot say the trial court abused its discretion in sentencing Defendant to a total of thirty-five years at hard labor for two armed robbery with a firearm convictions.

## DECREE

Defendant's convictions and sentences are affirmed.

**AFFIRMED.**